STATE OF MISSOURI at the relation of BOYLE G. CLARK, General Chairman of Bar Committees of the State, and JOHN C. GROVER, GROVER C. SIBLEY, JAMES A. PARKS and J. D. JAMES, Members of the Advisory Committee to the General Chairman of Bar Committees of the State, Relators, v. HOPKINS B. SHAIN, ROBERT M. REYNOLDS and EWING C. BLAND, Judges of the Kansas City Court of Appeals.—122 S. W. (2d) 882.

Court en Banc, December 20, 1938.

*Clif Langsdale, J. R. Baker, N. T. Cave* and *E. W. Jones* for relators.

*Owen & Thurlo* for respondents.

GANTT, J.—Original proceeding in certiorari. Relators seek to have quashed the opinion of the Kansas City Court of Appeals In re Williams, 113 S. W. (2d) 353. Respondent Williams, an attorney at law, served three terms as probate judge and one term as sheriff of Macon County. An information was filed in the Court of Appeals by the chairman and the advisory committee to the general chairman of the bar committees of Missouri, seeking the disbarment of Williams. It charged Williams with professional misconduct. It also charged him with nonprofessional misconduct during the time he was probate judge and sheriff.

Upon the filing of the information the Court of Appeals appointed Hon. John H. Taylor, commissioner to hear the testimony and report to said court his finding of facts and conclusions of law. On hearing the evidence, the commissioner found Williams guilty of a number of the charges and so reported to said court, recommending a permanent revocation of the license of Williams to practice law. Exceptions were filed by Williams to the report. On submission of the

case the Court of Appeals rendered the opinion under review, finding Williams not guilty. [In re Williams, 113 S. W. (2d) 353.]

I. Relators contend that this is an action under the rules of this court to discipline an attorney, and for that reason we should, in this certiorari action, exercise a superintending control of the Court of Appeals by reviewing the case on the merits.

The circumstances considered, we do not think so. However, we are not ruling the question. It is reserved. In this connection it should be stated that the Court of Appeals, in ruling this case, did so as if it were the Supreme Court. We are neither interested in nor concerned about this attitude of said court with reference to the matter. On this review we are concerned only with questions of conflict.

The Court of Appeals admits that the legislative department is without authority to limit the "grounds" for disbarment and admits that this court cannot "be shorn" of its jurisdiction to disbar.

In the face of these admissions it rules as follows:

"The statute is a reasonable legislative regulation of the exercise by the court of its inherent power to disbar. It simply requires that before acts, committed by a lawyer in some capacity other than that of a lawyer, be recognized as possible grounds for disbarment, such acts be first recognized by the filing of a criminal action against him, and that said criminal action so filed shall be of such a character as to legally establish that there has been a proper finding of reasonable and probable cause to believe that he has been guilty of such acts of misconduct as to constitute the commission of a crime involving moral turpitude."

In other words, it rules that both the jurisdiction of the court to disbar and the exercise of said jurisdiction is limited by statute. Furthermore, the said opinion states that the action to disbar Williams "is based on Secs. 11707 et seq., R. S. 1929." The action is not "based" on the statute. It was instituted by the bar committees and is "based on" the rules of this court.

II. Relator contends that the above stated ruling is in conflict with certain decisions of this court and in conflict with our rules Nos. 35 and 36.

The opinion of the Court of Appeals proceeds on the theory that there is a controversy between the legislative and judicial departments over the disbarment of attorneys. There is no such controversy. It is stated in said opinion that the Legislature, under the police power, may enact reasonable regulations with reference to the matter. It also is stated therein that said regulations are for the use of the courts in disbarment actions. Everyone agrees to these statements. However, the said opinion goes further and rules that

the court must utilize the statutory regulations. There is not a word in the statute tending to sustain this ruling as will appear in the course of this opinion. The correct rule is that the courts may utilize said regulations. If they do so, then said regulations are in aid of our jurisdiction to disbar and not a limitation on said jurisdiction. [In re Richards, 333 Mo. 907, 63 S. W. (2d) 672, 675.] Undoubtedly the legislative department, under the police power, "has a voice" in making rules with reference to disbarment. [Clark v. Austin, 340 Mo. 467, 101 S. W. (2d) 977, 994.] But the courts are not compelled to proceed under said rules. They may proceed solely under court rules relating to disbarment. If they do so, legislation under the police power is not a limitation on the exercise of the court's jurisdiction to disbar. Furthermore, the statute was not intended to be a limitation on the exercise of the court's jurisdiction in disbarment. The first section of the statute follows:

"Any attorney or counselor at law may be removed or suspended from practice in the courts of this state for any of the following reasons: First, if he be convicted of any criminal offense involving moral turpitude; second, if he unlawfully retain his client's money or if he is guilty of malpractice, fraud, deceit or misdemeanor whatsoever in his professional capacity; third, if he shall have been removed, suspended or disbarred from the practice of law in any other state or jurisdiction and shall fail to disclose such fact in his application for license to practice law in this state." [Sec. 11707, R. S. 1929.]

Thus it appears that the section is not a limitation on said jurisdiction of the courts. It does limit the police power to the "grounds" for removal or suspension stated in the section.

The other sections, 11708 to 11715, inclusive, Revised Statutes 1929, fix the procedure for removal or suspension under the statute. The procedural requirements are made mandatory by the use of the word "shall;" whereas, under Section 11707, the removal or suspension "may" be under the statute. If the action is under the statute, the procedural provisions "shall" be followed. The use of the word "may" in Section 11707 is a recognition of the jurisdiction of the courts in the matter and shows that the Legislature did not intend the statute to be an exclusive remedy for disbarment.

In the Richards case, 333 Mo. 907, 63 S. W. (2d) 672, 675, we ruled as follows:

"It is not always easy to determine what objects are naturally within the range or orbit of a particular department of government, but it will scarcely be denied that a primary object essentially within the orbit of the judicial department is that courts properly function in the administration of justice, for which purpose they were created, and in the light of judicial history they cannot long con-

tinue to do this without power to admit and disbar attorneys who from time immemorial have in a peculiar sense been regarded as their officers. Since the object sought is not naturally within the orbit of the legislative department, the power to accomplish it is in its exercise judicial and not legislative, although in the harmonious co-ordination of powers necessary to effectuate the aid and end of government it may be regulated by statutes to aid in the accomplishment of the object but not to frustrate or destroy it.''

On principle, said ruling is approved in Clark v. Austin, 340 Mo. 467, 101 S. W. (2d) 977, 985; State ex inf. McKittrick v. Dudley & Co., 340 Mo. 852, 102 S. W. (2d) 985, and In re Sparrow, 338 Mo. 203, 90 S. W. (2d) 401. The opinion of the Court of Appeals in the instant case is in conflict with the decisions of this court in the above cited cases. Furthermore, our rules Nos. 35 and 36 have the force and effect of a decision of this court. The said opinion of the Court of Appeals also is in conflict with said rules.

It follows that said opinion of the Court of Appeals and its opinion on the motion for a rehearing, and the orders made pursuant thereto should be quashed. It is so ordered. *Tipton, C. J., Lucas, Hays* and *Douglas, JJ.,* concur; *Ellison, J.,* concurs in separate opinion in which *Leedy, J.,* concurs.

ELLISON, J. (concurring).—I concur in the principal opinion except the following two sentences in the second paragraph of Part I thereof:

''In this connection it should be stated that the Court of Appeals, in ruling this case, did so as if it were the Supreme Court. We are neither interested in nor concerned about this attitude of said court with reference to the matter.'' *Leedy, J.,* concurs.