**In re Frank G. KIRTZ, Respondent.**

**No. 58148.**

Supreme Court of Missouri,
En Banc.

May 14, 1973.

David S. Hemenway, St. Louis, for informants.

Frank G. Kirtz, pro se.

PER CURIAM:

This proceeding is for disbarment of respondent Frank G. Kirtz, an attorney.

On October 26, 1972, the Circuit Bar Committee of the Twenty-Second Judicial Circuit (City of St. Louis, Missouri) filed, with leave of this court, pursuant to Rule 5.03, V.A.M.R., a four-count information in this court praying that respondent be disbarred from the practice of law in Missouri; that the costs of the proceeding be taxed against respondent, and that the court make such other and further orders as the court deems just and proper.

On that same date, October 26, 1972, this court issued its citation to respondent which, inter alia, notified respondent that he was required to plead to the information on or before November 30, 1972. The court ordered the citation and a copy of the information to be served on respondent by the sheriff of the City of St. Louis or his deputies. Service on respondent was not obtained and on November 29, 1972, this court issued a new citation to respondent returnable thirty days after date on which the citation is served on respondent.

On February 7, 1973, the sheriff of the City of St. Louis by one of his deputies made his return to this court. The return states the manner by which service was obtained on respondent in the following words:

"Executed this Citation and Information in the City of St. Louis, Missouri on the 2nd day of February, 1973, by reading said Information and Citation as furnished by the clerk of the Supreme Court of Missouri to the respondent, Frank G. Kirtz at 12:01 A.M. at the said respondents residence at 4530 Pershing St. Louis, Missouri; said respondent being inside of said residence and refusing to open the door the reading of the said Information and Citation was made by the Deputy Sheriff by reading the same in a very loud voice while standing outside the front door of said residence and then leaving a copy of the said Information and Citation by shoving said papers through the Mail slot of the front door."

Respondent did not plead to the return nor enter his appearance. On March 9, 1973, the clerk of this court sent a letter by certified mail, return receipt requested, to respondent at respondent's home address of 4530 Pershing Avenue, St. Louis, Missouri. The letter advised respondent that the sheriff had made his return showing

service on respondent on February 2, 1973; that respondent should have filed a return to the information within 30 days thereafter, and that unless respondent filed his return promptly, the court would proceed to consider the case as a default matter. This letter was returned to the clerk "unclaimed".

Rule 5.06 provides that the information and summons (citation) shall be served on the accused as ordinary writs of summons.

Rule 54.06(f), Refusal to Receive Copies of Process, provides: "In all cases when the person to be served, . . ., shall refuse to receive copies thereof, the offer of the duly authorized process server to deliver copies thereof, and such refusal, shall be a sufficient service of such summons and petition."

The sheriff's return shows on its face that service was accomplished in accordance with Rule 54.06(f) and the return of the sheriff is conclusive as to service. Rules 54.06, 54.10 (cf. §§ 506.150, 506.180, RSMo 1969, V.A.M.S.); Williamson v. Williamson, 331 S.W.2d 140, 144 (Mo. App.1960).

In the instant matter, the respondent was properly served with this court's citation together with a copy of the information on February 2, 1973, and there has been no return, pleading, nor entry of appearance filed by respondent, nor has there been any request for an extension of time within which to file a pleading.

■ The primary purpose of disciplinary proceedings is to protect the public and those charged with the administration of justice, In re Veach, 365 Mo. 776, 287 S.W.2d 753 (1956), and this court has the responsibility to the bar and the public to see to the enforcement of the Canons of Professional Ethics. So far as this court knows, respondent is still practicing law in Missouri by virtue of his license to do so. His qualification to practice law is seriously challenged by the information filed in this court and respondent has been duly served with that information. Nevertheless, respondent has refused and neglected to make any response to the information. This type of conduct has not, to the knowledge of this court, occurred in previous cases. Such conduct cannot be permitted to frustrate the administration of Rule 5 of this court. Rule 5.10 requires, inter alia, that if no responsive pleading be filed the court shall proceed to try the cause and if the court finds for the accused it shall dismiss the complaint. If the court finds that the charges are true it shall render a judgment finding the accused guilty and shall either reprimand the accused, or suspend him from the practice for a time fixed by the court or permanently disbar him.

■ The procedure usually followed by this court in disciplinary matters is, after a responsive pleading is filed by a respondent, the court then appoints a special commissioner to hold a hearing, take testimony, make findings of fact and report the same to this court. In the instant case, respondent has refused to file a responsive pleading. The court will proceed with the cause upon the information and the record of the formal hearing held by the Twenty-Second Judicial Circuit Bar Committee (hereinafter "Committee"), including exhibits admitted at the Committee's hearing, all of which have heretofore been filed in this court on October 26, 1972. Rule 5.10.

The Committee served notice of formal hearing upon respondent pursuant to Rule 5.03 on or about February 10, 1972, which notice consisted of four counts and contained detailed allegations of misconduct together with allegations of facts in support of the claimed misconduct and direct reference to the Canons of Professional Ethics that respondent was charged with violating, and advised respondent to appear before the Committee on March 1, 1972. On March 1, 1972, the Committee convened and respondent was present. Respondent acknowledged receipt of the notice and charges, a copy of the opinion of this court in Gieselmann v. Stegeman and Kirtz, 443 S.W.2d 127 (Mo.1969), a copy of the tran-

script of the record on appeal in Gieselmann v. Stegeman, and a copy of the Committee's proceedings of June 16, 1971. Respondent was advised of his right to counsel but proceeded pro se.

The information filed here is practically a copy of the charges contained in the notice referred to above and does not contain any charges in addition to those contained in the notice. As indicated, respondent Frank G. Kirtz here is the same person as the Frank G. Kirtz in Gieselmann v. Stegeman and Kirtz, supra. The charges in the notice and in the information are based upon the conduct of respondent that formed the basis of the case of Gieselmann v. Stegeman and Kirtz, supra, and this court's opinion in that case.

The Committee conducted its formal hearing on March 1, 1972, April 19, and June 7, 1972. Respondent was present at all times. The transcripts of those hearings and the documentary evidence introduced at those hearings were filed in this court with the information. The Committee's exhibit 2, received in evidence, was the opinion of this court in Gieselmann v. Stegeman et al., supra, and the Committee's exhibit 3 was the transcript of the record on appeal in that case. The only witness who testified at the hearing, aside from the formal identification of the Committee's exhibit 3, was respondent.

The information contains four counts. Common to all counts is the allegation that during the period of 1965 and 1966 respondent was a stockholder, director, and officer of Med-Science Electronic Inc. (hereinafter "corporation"), and that he was an attorney advising the corporation and an attorney advising Norbert W. Burlis and Frances F. Burlis.

The information then divides the findings of fact and conclusions with reference to respondent's conduct, as set forth in the court's opinion in Gieselmann v. Stegeman et al., supra, into four categories and alleges those facts as the four counts or charges against respondent herein. No useful purpose would be served by repeating those facts as they are available to the reader in the Gieselmann v. Stegeman et al., supra, opinion.

Count I concerns the alleged fraudulent conduct of respondent with reference to Stock Certificate 94, the note of $10,000 executed by the Burlises to respondent, the refusal of respondent to accept payment of the $10,000 note from Mr. and Mrs. Burlis, and the illegal transfer of the 14,840 shares of the corporation represented by Stock Certificate 94 to Robert Thomann and thereafter to respondent.

Count II concerns the alleged fraudulent conduct of respondent in advising and counseling Norbert Burlis not to file the corporation annual registration and antitrust affidavit—causing the forfeiture of the corporate charter, holding illegal shareholders meetings and an illegal election of corporate officers, and preventing Norbert Burlis from exercising his duties as the lawful president of the corporation.

Count III concerns the alleged illegal conduct of respondent in obtaining 8000 shares of the corporation's stock represented by Stock Certificate 95 and involves acts of respondent in holding a directors meeting on August 9–10, 1966, contrary to an order of the St. Louis County Circuit Court prohibiting such a meeting, and in fraudulently reciting in the minutes thereof that it was held on August 3, 1966.

Count IV concerns the alleged illegal conduct of respondent culminating with and including the issuance to respondent of Stock Certificate 96 for 14,840 shares of the corporation's stock.

The information charges that respondent violated Rule 4, Canon 1, DR 1–102(A) and several other canons and disciplinary rules, and former Rules 4.11, 4.19, and 4.47 of the Supreme Court of Missouri.

Former Rule 4.47 was in effect until January 1, 1971, when the present Rule 4

became effective; Rule 4, Canon 1, DR 1–102(A) includes within its prohibitions the same conduct as did former Rule 4.47, which reads:

"4.47 General Rule Governing Certain Conduct of Lawyers. A lawyer should always maintain his integrity; and shall not willfully commit any act against the interest of the public; nor shall he violate his duty to the courts or his clients; nor shall he, by any misconduct, commit any offense against the laws of Missouri or the United States of America, which amounts to a crime involving acts done by him contrary to justice, honesty, modesty or good morals; nor shall he be guilty of any other misconduct whereby, for the protection of the public and those charged with the administration of justice, he should no longer be entrusted with the duties and responsibilities belonging to the office of an attorney."

The basic evidence received by the Committee in its formal hearing and without objection in support of the charges consisted of the three-volume transcript of the trial of the case of Gieselmann v. Stegeman et al., supra, and the opinion of Division One of this court in that case. Respondent testified in the Gieselmann case.

Respondent also testified under oath at the formal hearing. Respondent testified that he had not been the attorney for the corporation nor had he advised the corporation in legal matters during the years 1965 and 1966; that he had not been the attorney for nor did he render legal advice to Mr. and Mrs. Burlis and hence there was not an attorney-client relationship which he could violate. The substance of respondent's testimony was that he committed no fraud upon the corporation nor the Burlises and his dealings with the Burlises were business transactions in which the Burlises had separate legal counsel. Respondent also offered in evidence the deposition of Mr. Morton Schwartz which had

been taken in the Gieselmann case for the purpose of showing that respondent was not the attorney for the corporation nor for the Burlises and that Schwartz was the corporation's attorney and did represent the Burlises in their dealings with respondent.

The court has considered all of the evidence and exhibits in the record of the formal hearing before the Committee and the deposition of Mr. Morton Schwartz. The court has concluded not to consider this matter purely as a default nor does the court consider the opinion in Gieselmann, supra, as conclusive on respondent. The court has reviewed all the evidence anew and on that basis has concluded that this court's findings and conclusions at this time are the same as found in the opinion of Gieselmann, supra.

■ It is not necessary to the exercise of the disciplinary powers of this court that the fraud committed by a lawyer be committed in his capacity as a lawyer, nor is it necessary that a lawyer be previously convicted of a criminal offense based upon fraudulent acts. This disciplinary power "is not limited to those instances of misconduct wherein he has been employed, or has acted, in a professional capacity; but, on the contrary, this power may be exercised where his misconduct outside the scope of his professional relations shows him to be an unfit person to practice law. In re Williams, 233 Mo.App. 1174, 128 S. W.2d 1098, 1105 [4, 6, 8]; State ex rel. Clark et al. v. Shain, En Banc, 353 Mo. 542, 122 S.W.2d 882; In re Conner [357 Mo. 270, 207 S.W.2d 492]; In re Richards, 333 Mo. 907, 63 S.W.2d 672; 5 Am.Jur. pp. 426, 427, § 276; 7 Am.Jur.2d pp. 72, 73, § 44; 7 C.J.S. Attorney and Client § 24, pp. 762, 764." In re Wilson, 391 S.W.2d 914, 918 (Mo.banc 1965). In any event, in the instant case, the court finds that Mr. Norbert Burlis did rely on legal advice proffered by respondent to Mr. Norbert Burlis in his (Burlis's) capacity as president of the

corporation; that both Mr. and Mrs. Burlis relied on advice and information offered by respondent in connection with the execution of the $10,000 note and in authorizing the transfer of the 14,840 shares of stock to Robert Thomann; and that respondent intended that Mr. Burlis, as president of the corporation, and Mr. and Mrs. Burlis, in their private capacity, would rely upon his misrepresentations.

The other findings of fact and conclusions set forth in Gieselmann v. Stegeman and Kirtz, supra, are adopted as part of this opinion.

We are mindful that the purpose of proceedings of this character is not to punish the attorney but instead to protect the public and the integrity of the bar, and to preserve the courts from ministrations of persons unfit to serve therein as attorneys. In re Wilson, supra.

Respondent's fraudulent practices as a stockholder and officer of the corporation and his conduct in defrauding the Burlises who leaned on him for legal advice and reposed their trust and confidence in him was a direct violation of former Rule 4.47 and present Rule 4, Canon 1, DR 1–102(A).

Respondent's retention as an officer of the court would be inimical to the public confidence and esteem essential to the courts and the bar in the efficient administration of justice. Additionally, the specific fraudulent conduct of respondent is such that he can no longer be allowed to represent clients and to have reposed in him the trust and confidence necessary to the proper representation of a client by a lawyer.

Respondent should be disbarred and his name stricken from the rolls of attorneys in Missouri. Costs are taxed against respondent.

It is so ordered.