Frank Groom KIRTZ and Mary Jane Kirtz, Plaintiffs-Appellants,

v.

ADVANCED INSTRUMENTS, INC., Defendant-Respondent.

No. 39265.

Missouri Court of Appeals, Eastern District, Division Three.

April 3, 1979.

Joseph L. Badaracco, St. Louis, for plaintiffs-appellants.

Lashly, Caruthers, Thies, Rava & Hamel, Edward D. Weakley, John Fox Arnold, St. Louis, for defendant-respondent.

WEIER, Chief Judge.

Plaintiffs Frank Groom Kirtz and Mary Jane Kirtz filed suit under § 351.455, RSMo. 1969, as objecting minority shareholders to the merger of Med-Science Electronics, Inc., into Advanced Instruments, Inc., the defendant in this cause. As alleged in the petition, the plaintiffs were owners of 22,-500 shares of common stock in Med-Science Electronics, Inc.; they were not in favor of the merger; they served a written objection upon Med-Science Electronics, Inc., prior to the meeting of the shareholders called to vote upon said merger and they made a written demand for payment of the full value of their shares to the company as of the day prior to the date on which said vote was taken approving the merger. The prayer of the petition called for a judgment for the full value of plaintiffs' shares in Med-Science Electronics as of the day prior to the date on which the vote was taken approving the merger together with interest from that date to the day of judgment.

At the conclusion of the trial, the court awarded plaintiffs $62,100 for the full value of their minority stock ownership with interest in the amount of $13,424, aggregating $75,424. The plaintiffs were ordered to deposit with the court an assignment of their stock to be delivered upon the payment by the defendant of the sums awarded into court. Plaintiffs and defendant filed after-trial motions and upon them being overruled, the plaintiffs appealed.

Plaintiffs now urge this court to reverse the lower court because of error in four particulars. The first contention advanced charges that the court below erroneously refused to appoint a receiver to liquidate Med-Science Electronics, Inc., at fair market value and to set aside the merger with Advanced Instruments, Inc., the successor corporation. As a basis to support their request for this receivership, it was alleged that the majority stockholders, Mr. and Mrs. Blanton C. Wiggins, who are also the principal officers and directors, fraudulently conveyed the entire property including plaintiff's minority interest to themselves in violation of their fiduciary responsibilities and duties as officers and directors.

There are several reasons why we cannot convict the trial court of error based upon this contention. In the first place, the judgment of the court was entered on February 22, 1977. Plaintiffs filed a motion to reconsider the determination of fair market value on March 4, 1977, but the first time any pleading was filed in the case in which any fraud was alleged and the appointment of a receiver was sought was on March 21, 1977. Plaintiffs then filed a motion for rescission of charter forfeiture and application for appointment of a receiver. Any motion after the trial, however, must be filed within fifteen days after the entry of judgment in a court-tried case. Rule 73.01.-1(c). Although the trial court retains control over judgments during the thirty-day

period after entry of judgment and may vacate, reopen, correct, amend or modify its judgment for good cause within that time, Rule 75.01, such a second motion as this, not made in the time allotted for a motion for new trial, is considered a mere suggestion to the trial court to exercise its discretion within the thirty-day period specified in Rule 75.01. *State ex rel. Campbell v. Anderson*, 536 S.W.2d 200, 202[3] (Mo.App. 1976). Secondly, this case was brought under § 351.455, RSMo.1969, *supra*, for the sole purpose of establishing the fair market value of the shares held by the plaintiffs and sought a judgment against defendant for the value of plaintiffs' stock together with interest thereon. By coming in with this motion after the case was tried and after judgment was rendered, plaintiffs attempt to engraft a fraud case mainly directed against Mr. and Mrs. Blanton C. Wiggins who are not parties to the instant suit and by reason of said alleged fraud then request the appointment of a receiver to take over the assets of Med–Science Electronics, Inc., after invalidating its charter forfeiture and subsequent merger into the defendant corporation. Grafting another lawsuit upon one that had already been tried and judgment rendered is beyond the liberal tenets of our practice. *Laux v. Motor Carriers Council of St. Louis, Inc.*, 499 S.W.2d 805 (Mo.1973).

■ The remaining three points which plaintiffs advance on appeal are directed to alleged error on the part of the trial court in disregarding and ignoring substantial and probative evidence in arriving at the fair market value of plaintiffs' stock. In reviewing this case under the terms of Rule 73.01(3) as interpreted in *Murphy v. Carron*, 536 S.W.2d 30, 32[1] (Mo.1976), we affirm the trial court's decision unless: (1) "there is no substantial evidence to support it"; (2) "it is against the weight of the evidence"; (3) "it erroneously declares the law"; or (4) "it erroneously applies the law." In arriving at what it determined to be the fair market value of the stock, the court below made written findings of fact and conclusions of law in a perspicacious memorandum opinion. Portions of that opinion rele-

vant to this appeal can be summarized as follows: (1) the goodwill of the business was a positive factor to be considered in determining the fair market value of the plaintiffs' stock; (2) the per share book value was approximately $2.76 on July 15, 1973; (3) a tax loss carry-over available to the corporation was too doubtful and speculative to be given any weight in determining book value; (4) the past and prospective earning power of the company was insufficient to give that earning power any weight as a factor in evaluating the fair market value of the stock; (5) the alleged offer of Adolph K. Feinberg of $10 per share made five weeks before the merger vote was entitled to no weight in determining value because it was a conditional offer based on a superficial evaluation of the stock and not a bona fide offer to purchase based upon a thorough investigation of the corporate accounts; and (6) the corporation's general financial problems were offset by the goodwill factor, giving a fair market value equal to the approximate book value of $2.76 per share. Based upon these findings, the trial court rendered its judgment upon the basis of $2.76 per share.

■ Of the three contentions of error remaining, plaintiffs first submit that the trial court erred in disregarding the tax loss carry-over in determining the fair market value of plaintiffs' stock. In this respect, the trial court determined that the availability of the loss carry-over was too doubtful and speculative to be given any weight as an asset includible in computing the book value. Two of the expert witnesses for the defendant testified that the tax loss carry-over could be of value to an acquiring corporation, if the acquiring corporation could use the loss to offset income. Whether the loss could be utilized and to what extent it could be utilized depended on several factors: (1) whether the acquiring corporation has any income; (2) what the tax rate would be on that income; (3) whether the principal purpose of the acquisition is tax avoidance which may cause the lost deduction to be disallowed under the Internal Revenue Code; (4) whether the operation of

the corporation produced any income in post-merger years if the corporation was acquired by acquisition of Med-Science Electronics stock, and Med-Science and the acquiring corporation then filed consolidated returns under Treasury Regulations; and (5) whether the acquiring corporation qualified under the complex and detailed limitations of the Internal Revenue Code. The variety and number of these factors reveal that any reliance on the loss carry-over value in the Med-Science Electronics stock would be speculative and not based upon an "informed judgment" as the law requires. *Phelps v. Watson-Stillman Company,* 293 S.W.2d 429, 435 (Mo.1956). *See also, Flarsheim v. Twenty Five Thirty Two Broadway Corporation,* 432 S.W.2d 245, 255[13] (Mo.1968).

■ Next, the plaintiffs contend that the trial court erred in ignoring the offer of purchase made by plaintiffs' witness Adolph K. Feinberg. A reading of the trial court's findings of fact discloses that Mr. Feinberg's testimony was not ignored. The trial court held, however, that his offer was entitled to no weight in determining fair value of plaintiffs' stock because it was conditioned on a thirty-day examination of the Med-Science Electronics books and thus presumably on condition that Mr. Feinberg be satisfied with the financial condition of the corporation as evidenced by those books. Feinberg expressly denied in his testimony that he had any right to call off the deal if the books were not satisfactory to him. There would seem to be little purpose, however, for the thirty-day examination unless it was to give Feinberg a chance to withdraw his offer if the financial condition of the corporation was not to his satisfaction. The evidence also indicated that there was a friendly relationship between Feinberg and the plaintiffs. Certainly in this case tried without a jury, the trial court had the duty and obligation to judge the credibility of the witnesses and the probative value of their testimony. *Flarsheim v. Twenty Five Thirty Two Broadway Corporation, supra* at 254[12]. Its judgment will not be disturbed on appeal unless it fails to meet the standards of *Murphy v. Carron, supra.*

■ The last point urged upon us is that the trial court erred in "entirely disregarding" the testimony of plaintiffs' expert witnesses. When an examination is made of the argument under this point, it appears that what plaintiffs actually advance as their contention of error is the failure of the trial court to give the same weight to the testimony of plaintiffs' expert witnesses as the plaintiffs believe the court should have given it. The trial court's findings of fact and conclusions of law reviewed the testimony of the expert witnesses, considered the factors upon which the opinions were based and determined that the evaluations made by plaintiffs' witnesses were based on unsound factors derived from comparisons of other companies, none of which were shown to be financially comparable in sales, income or growth with Med-Science Electronics. The court did consider the factor of goodwill which was advanced by plaintiffs' witnesses in arriving at the stock value. The judgment here is supported by substantial and probative evidence. Just because it does not follow the opinions as to value given by plaintiffs' witnesses does not indicate in any way it fails to meet the standards required of it by *Murphy v. Carron, supra,* and it will not be disturbed on appeal.

The judgment is affirmed.

GUNN, P. J., and KELLY, J., concur.