

James T. Buckley, M. Craig Cassing, Sedalia, for informants.

Roger J. Barbieri, Kansas City, for respondent.

DONNELLY, Judge.

This is a disciplinary proceeding against Paul E. Panek, a practicing attorney in the State of Missouri, brought by The Advisory Committee under Rule 5.

This Court appointed the Honorable Tom J. Stubbs as Master under Rule 68.03 to hear evidence and make findings of fact and conclusions of law. The Master recommended disbarment.

The principals in this matter are Respondent and Morley Johnson Vogel. Respondent has practiced law since 1956. He and Vogel have known each other since attending law school together. Beginning in 1965 she rented office space in a building owned by Panek and in which he conducted his own practice. In June, 1973, Respondent

### In re Paul E. PANEK, Respondent.

### No. 60516.

Supreme Court of Missouri,
En Banc.

Sept. 11, 1979.

moved into the office occupied by Vogel and they shared the space until she left in May, 1975. They maintained separate practices throughout this period, but shared secretarial services of Patricia Ann Doak and sometimes helped each other on isolated cases as a courtesy.

In early 1973, Vogel's husband filed for divorce in Jackson County. Vogel filed for divorce in Cass County. Respondent represented her in these actions. According to Vogel's testimony, she "signed the divorce papers" and gave him the filing fee on April 11, 1973. The petition was filed April 16. The divorce was granted in Cass County on February 12, 1975.

Also in April, 1973, Respondent had Vogel execute two powers of attorney. The first, signed April 13, was dated April 1; the second, signed April 27, was dated April 13. Vogel testified that the powers of attorney were Respondent's idea and that he wanted them to make it easier to handle her divorce and other affairs. Respondent testified that the powers of attorney were Vogel's idea and that she suggested them as a way of entering into an investment "partnership" without the knowledge of her husband.

At some point in time between April 13 and May 11, Vogel revealed to Respondent that she had a large sum in U. S. government bonds and gave them to him for safekeeping in the office safe. On May 11, Vogel and Respondent cashed the bonds at Grandview Bank and received two checks, issued to Vogel, one for $30,000, and one for approximately $65,000. The $65,000 check was then used to purchase certificates of deposit. Vogel testified that she authorized Respondent to make income-producing investments with the $30,000, but that the $65,000 in certificates of deposit were to be held secure. Secretary Doak's testimony as to a conversation she heard between Respondent and Vogel supports Vogel's testimony on this point. Respondent testified that he was authorized to use the entire $95,000 for investments.

Respondent, upon receiving Vogel's $30,-000 check and the certificates of deposit, cashed the check, using the power of attorney, and deposited the proceeds in his account at the Red Bridge Bank. He also transferred to Vogel one-half interest in the office building they occupied, for $11,400, and one-half interest in a cruiser he owned at Lake of the Ozarks, for $11,455. The value of both properties was determined by Respondent. Respondent claims that he and Vogel discussed these transactions at the time they were made, and that they were made as an investment partnership. Respondent testified on cross-examination that there was no written partnership agreement, but claimed there was a partnership book which he could not find.

On September 17, 1973, Respondent also sold to Vogel, for $1,950, one-half interest in property he owned in Taos, New Mexico. Again, he testified that the transaction was discussed before they consummated it.

As to all three of these purchases, Vogel testified that they were unauthorized and not discussed. She testified that she was first advised of them in December, 1973, by a memo from Respondent entitled "Investments for Morley Vogel since May, 1973." The memo was apparently handwritten and illegible. Vogel testified she did not receive any income from the properties. She did, however, file partnership income tax returns with Respondent in 1974 and 1975. The cruiser sank and was sold for salvage. Vogel did not receive any proceeds. Respondent gave Vogel sole title to the Taos property. The mortgage was foreclosed on the office building and it was sold at a sheriff's sale to a third party. Respondent then repurchased the building from the third party.

It is clear from Respondent's testimony that he cashed the certificates of deposit, deposited them in a Grandview Bank account in his name, and then wrote checks on the Grandview account. None of the certificates of deposit were left as of the time of the hearing before the Master. Vogel did not cash any of the certificates of deposit. None of the money has been returned to her by Respondent.

An additional transaction involving land in Camden County occurred in November, 1973. Respondent, within a period of 20 days, purchased the property from a third party in his own name and then resold it to Vogel. Respondent purchased the property for $6,500 and resold it to Vogel for $18,000. He purchased the property with Vogel's funds out of the Grandview Bank account. When he resold the property to Vogel, he cashed one of her certificates of deposit and wrote a check to himself. Vogel testified that she had no knowledge of the transaction until the December 14, 1973, memo from Respondent, and that she did not receive the deed conveying the property to her until May, 1975. According to Respondent, Vogel has retained the property.

 In attorney disciplinary proceedings the charges must be sustained by a preponderance of the evidence. *In re Weiner,* 547 S.W.2d 459, 461 (Mo. banc 1977). The findings and conclusion of the Master are advisory. This Court retains the duty and the responsibility to independently review the evidence and to reach a determination of what, if any, discipline is appropriate. *Id.* at 460.

 Respondent bases his defense on the ground that no misconduct occurred *in connection with his professional practice of law.* The contention is without merit. Respondent's conduct in defrauding Morley Johnson Vogel, who placed her trust and confidence in him, is a direct violation of Rule 4, Canon 1, DR 1–102(A)(4). In *In re Kirtz,* 494 S.W.2d 324, 328, 329 (Mo. banc 1973), this Court said:

> "It is not necessary to the exercise of the disciplinary powers of this court that the fraud committed by a lawyer be committed in his capacity as a lawyer, nor is it necessary that a lawyer be previously convicted of a criminal offense based upon fraudulent acts. This disciplinary power 'is not limited to those instances of misconduct wherein he has been employed, or has acted, in a professional capacity; but, on the contrary, this power may be exercised where his misconduct outside the scope of his professional rela-

tions shows him to be an unfit person to practice law. *In re Williams,* 233 Mo. App. 1174, 128 S.W.2d 1098, 1105[4, 6, 8]; *State ex rel. Clark et al. v. Shain, En Banc,* 343 Mo. 542, 122 S.W.2d 882; *In re Conner* [357 Mo. 270, 207 S.W.2d 492]; *In re Richards,* 333 Mo. 907, 63 S.W.2d 672; 5 Am.Jur. pp. 426, 427, § 276; 7 Am. Jur.2d pp. 72, 73, § 44; 7 C.J.S. Attorney and Client § 24, pp. 762, 764.' *In re Wilson,* 391 S.W.2d 914, 918 (Mo. banc 1965). * * *

\* \* \* \* \* \*

> "Respondent's retention as an officer of the court would be inimical to the public confidence and esteem essential to the courts and the bar in the efficient administration of justice. Additionally, the specific fraudulent conduct of respondent is such that he can no longer be allowed to represent clients and to have reposed in him the trust and confidence necessary to the proper representation of a client by a lawyer."

The Court's statements in *Kirtz* are equally appropriate in this case. Respondent should be disbarred and his name stricken from the roll of attorneys.

It is so ordered.

BARDGETT, C. J., RENDLEN, SEILER, WELLIVER and MORGAN, JJ., and HENLEY, Senior Judge, concur.

HIGGINS, J., not participating because not a member of the Court when cause was submitted.