538 F.Supp. 1218 (1982)
Frank Groom KIRTZ and Mary Jane Kirtz, Plaintiffs,
v.
Blanton WIGGIN, Erma Wiggin, et al., Defendants.
No. 81-1374.
United States District Court, E. D. Missouri, E. D.
May 20, 1982.
*1219 Frank Kirtz and Mary Kirtz, pro se.
Edward D. Weakley, St. Louis, Mo., for defendants.

MEMORANDUM AND ORDER
WANGELIN, Chief Judge.
This matter is before the Court upon defendants' motion for summary judgment and alternatively on defendants' motion to dismiss.
The instant complaint attacked by defendants is the latest in the checkered controversy emanating from the merger of Med-Science Electronics [hereinafter Med-Science] and Advanced Instruments, Inc.[1] Indeed as a consequence of the proof adduced in two cases involving Mr. Kirtz' relationship with Med-Science, Mr. Kirtz was disbarred by the Supreme Court of Missouri. The Kirtzes, residents of Missouri, were the sole minority stockholders of Med-Science Electronics, Inc., a Missouri corporation, until August, 1973, when that company was merged into Advanced Instruments, Inc., a Massachusetts corporation. Blanton and Erma Wiggin, residents of Massachusetts, controlled the majority of the stock of both companies and were the directors and officers of Med-Science. Mr. and Mrs. Kirtz filed suit in Circuit Court pursuant to Section 351.455 (RSMo 1969) to request that the court determine and award them the full value of their dissenting *1220 shares in Med-Science. Circuit Judge Lackland Bloom did assess a value per share of Two Dollars and Seventy Six Cents ($2.76) and the judgment was affirmed. Kirtz v. Advanced Instruments, Inc., 581 S.W.2d 868 (Mo.App.1979).
The most recent litigation in this matter occurred in Kirtz v. Wiggin et al., 483 F.Supp. 148 (E.D.Mo.1980), in which Judge John K. Regan granted summary judgment as to fifteen of sixteen counts contained in Kirtz fourth amended complaint. Included within the counts in which summary judgment was granted were a couple of counts (Counts 14 and 15) wherein Kirtz alleged that Herbert Bryant, an attorney of this bar and allegedly an agent of defendants, while acting as Chairman of the Circuit Bar Committee of the Twenty-Second Judicial Circuit, "sought to purchase plaintiff's [Kirtz] shares at a low, extortionate, figure and that when the offer was rejected the information [of disbarment] was filed [with the Circuit Committee] with the result that Frank Kirtz suffered the destruction of his professional reputation and income by reason of his disbarment." Id., at 152-54. Judge Regan ordered Count 16 stricken without prejudice. In Count 16 it was alleged by Kirtz that the Wiggins did not "promptly" pay the fair value of the Kirtz stock in Med-Science as mandated by Section 351.458, subd. 1(2)(a) (RSMo 1966). Id., at 155.
The instant complaint contains two counts. In Count I, which is predicated upon a purported Securities Exchange Act violation, plaintiffs aver that the Wiggins maliciously and fraudulently violated their agreement to promptly pay dissenting shareholders of Med-Science the fair market value of said stock. Kirtz has augmented Count I by also alleging that the Wiggins' activity was in violation of the Organized Crime Act, 18 U.S.C. § 1961 et seq. [hereinafter RICO]. Count II of the present complaint contains charges that Herbert Bryant, and others, attempted to extort the transfer of the Kirtzes' Med-Science stock to Wiggins for a token payment in exchange for the dismissal of disbarment proceedings against Mr. Kirtz. Count II is a civil action grounded on RICO.
As previously noted, Mr. Kirtz is certainly no stranger to the courtroom. Nor are the allegations contained in Count II of plaintiffs' complaint nascent. Mr. Kirtz has merely changed the jurisdictional support for his allegations from the SEC to RICO. Kirtz has simply cloned Counts 14 and 15 from his complaint in Kirtz v. Wiggins, supra, onto his present complaint as Count II. Judge Regan entered summary judgment in favor of the Wiggins on Counts 14 and 15. Id., at 155. The same facts involving the same parties, with a slight but inconsequential twist, that supported Counts 14 and 15 now are employed to substantiate the instant Count II. Only the theory of plaintiffs' claim has changed. It is fundamental to the federal system that once a cause of action is put into issue and finally adjudicated by a court of competent jurisdiction, the judgment is conclusive as to that which was decided and all matters which could have been decided. Engelhardt d/b/a Englehardt's Camera Store v. Howell Co., 327 F.2d 30, 32 (8th Cir. 1964). Kirtz' allegations of Bryant's extortionate activities have been revealed as patently baseless and frivolous in Kirtz, supra, 483 F.Supp. at 154-55, and such a determination was necessary to Judge Regan's judgment in that matter. Kirtz will be precluded from relitigating that issue anew. See Allen v. McCurry, 449 U.S. 90, 101 S.Ct. 411, 414, 66 L.Ed.2d 308 (1980). Summary judgment will be entered in favor of defendants on Count II.
The allegations set out in Count I of the present complaint, are virtually the same that comprised those in Count 16 of the plaintiffs' complaint in Kirtz, supra, 483 F.Supp. at 154-55. Count 16 was stricken without prejudice by Judge Regan, thus res judicata does not preclude relitigation. Nevertheless, the state courts of Missouri have previously determined the value to be attributed to the dissenting shares in Med-Science[2] *1221 and all that needs to be done is to execute upon that judgment. See Rule 69 of the Federal Rules of Civil Procedure; Rule 76 Mo.R.Civ.P. This Court will not be used as a forum to execute on a state judgment, or for that matter, as a refuge for Mr. Kirtz to avoid collection of debts previously adjudged against him. Count I will be dismissed with prejudice. Accordingly,
IT IS HEREBY ORDERED that defendants' motion to dismiss Count I of plaintiffs' complaint be and is GRANTED; and
IT IS FURTHER ORDERED that defendants' motion for summary judgment as to Count II of plaintiffs' complaint be and is GRANTED.
NOTES
[1] See e.g., Kirtz v. Wiggin et al., 637 F.2d 572 (8th Cir.) cert. denied ___ U.S. ___, 102 S.Ct. 114, 70 L.Ed.2d 99 (1981); Kirtz v. Wiggin et al., 483 F.Supp. 148 (E.D.Mo.1980); In Re Kirtz, 494 S.W.2d 324 (1973); Gieselmann v. Stegeman, 470 S.W.2d 522 (Mo.1971); Gieselmann v. Stegeman, 443 S.W.2d 127 (Mo.1969); Kirtz v. Advanced Instruments, Inc., 581 S.W.2d 868 (Mo.App.1979).
[2] See Kirtz v. Advanced Instruments, Inc., supra.