**In re Gary E. HAGGERTY, Respondent.**

**No. 64627.**

Supreme Court of Missouri,
En Banc.

Dec. 20, 1983.

Laurence R. Tucker, Kansas City, for Bar Committee.

Gary E. Haggerty, pro se.

RENDLEN, Chief Justice.

Disciplinary proceeding instituted by the Sixteenth Judicial Circuit Bar Committee against Gary E. Haggerty, a licensed attorney, respondent. After formal hearing, the Bar Committee found there was probable cause to believe respondent was guilty of professional misconduct and filed an information here charging the following acts of professional misconduct: (1) failure to return or properly account for a client's funds entrusted to his care, (2) failure to file a timely motion for a new trial in a criminal proceeding and concealing such late filing from his client, (3) failure to appear, without notice or excuse, at a sentencing hearing of a client, who had been convicted in a criminal trial, and failure to notify the client of the hearing, and (4) failure to pay Missouri Bar registration dues for the years 1981 and 1982.

No answer was filed, and the Honorable Gary A. Fenner, Circuit Judge of the Fifth Judicial Circuit, was appointed as Master of this Court to take evidence and make findings of fact and conclusions of law. By choice, respondent appeared pro se and at hearing admitted the allegations in the information. At the close of the hearing the Master concluded that respondent was guilty of misconduct as charged and from

our review of the record we determine the Master's findings of fact are correct.

In deciding the appropriate measure of discipline, we are mindful the instant proceeding is designed not with a primary purpose of punishment, but as an inquiry into respondent's fitness to continue as an attorney, and any discipline imposed has as its objective the protection of the courts and the public and maintenance of the integrity of the profession and the courts. *In re Houtchens,* 555 S.W.2d 24, 26 (Mo. banc 1977).

We first consider respondent's failure to properly return or account for funds entrusted to his care. The record shows that while acting as attorney for one James Chambers, respondent came into possession of funds belonging to Mr. Chambers on the understanding such funds would be preserved and spent on Mr. Chambers' behalf. A trust account was opened for Mr. Chambers by respondent, and trust account statements show deposits of $3,471.66, withdrawals by respondent of $3,417.66, charges of $42.00 for checks drawn on insufficient funds, charges of $12.00 for service on an overdrawn account and a balance of 0.00. Of the $3,471.66 withdrawn by respondent, he has accounted for only $936.50 paid to the operator of the boarding home in which Mr. Chambers lived. Unexplained withdrawals by respondent include $2,227.41 withdrawn by check payable to "cash," and $253.75 withdrawn by check payable to unexplained individuals and companies. Checks totaling $725 contained the notation "fee," but no other "justification" for this amount appears in the record. On September 27, 1980, Mr. Chambers revoked respondent's power of attorney and has since died. Respondent admits he has failed to account for or return the funds entrusted to his care.

Under these circumstances, respondent's unexplained withdrawals from Mr. Chambers' trust account compel a conclusion that his failure to account for or return the funds entrusted to his care was occasioned by his unauthorized appropriation of such funds for his own use. It has been uniformly held that in the absence of mitigating circumstances misconduct of attorneys in appropriating to their own use funds held by them in a fiduciary capacity justifies disbarment. *In re Kohlmeyer,* 327 S.W.2d 249, 251–52 (Mo. banc 1959); *In re Conner,* 357 Mo. 270, 207 S.W.2d 492, 499–500 (App.1948); *State Bar Committee v. Stumbaugh,* 123 S.W.2d 51, 53 (Mo.1938). The privilege to practice law is only accorded those who demonstrate the requisite mental attainment and moral character and, absent mitigating circumstances, an attorney who betrays the trust reposed in him for personal financial gain demonstrates he no longer possesses the requisite moral character. For mitigation, respondent argues only that the "stress of trial practice" finally "got to" him and he is otherwise an effective attorney. We do not believe that the "stress of trial practice" shown here constitutes a mitigating circumstance which excuses or in some way justifies respondents misconduct. Representation of clients in stressful situations is common to most legal practice, but the public is nevertheless entitled to rely on an attorney's honesty and devotion to his clients' interests. We need only briefly mention two additional acts of professional misconduct, revealed by the record, which reinforce our determination that disbarment is appropriate in the case sub judice.

Respondent represented a client convicted in a criminal proceeding in which a presentence investigation was ordered. While not yet incarcerated the client worked full time, a date was set for the sentencing hearing but respondent failed to notify his client, who, unsuspecting, did not appear, neither did respondent appear at the hearing, hence a capias warrant issued for the client's arrest and he was jailed for several months prior to sentencing. Respondent's offered explanation of these events provided scant vindication for his conduct. Similarly respondent in his representation of another criminal accused failed, after an unfavorable verdict, to file a timely motion for new trial. The fact of the six day late filing was concealed from the client. There was

also testimony from counsel, who replaced respondent, that respondent had first assured him a timely filing had occurred. Here too respondent made no denial of these allegations but asserted the client had a fair trial and argued no prejudice occurred because the trial court permitted hearing and ruled the motion. However, in the ensuing appeal the court of appeals reviewed only for plain error. We need not consider the allegation of respondent's failure to pay bar dues.

The Master has recommended respondent be suspended indefinitely from the practice of law and not be considered for readmission until proper reimbursement of the client's funds be made as well as numerous other conditions demonstrating his rehabilitation and fitness to be a member of the bar.

In this regard "[t]he findings and conclusion of the Master are advisory. This Court retains the duty and the responsibility to independently review the evidence and to reach a determination of what, if any, discipline is appropriate." *In re Panek*, 585 S.W.2d 477 (Mo. banc 1979). While we are impressed by the Master's findings and conclusions the Court nevertheless is of the opinion respondent's retention as an officer of the court would be inimical to the public confidence essential for the effective administration of justice. Respondent is disbarred and his name ordered stricken from the roll of attorneys.

All concur.