**In re William C. MAIER, Respondent.**

No. 63856.

Supreme Court of Missouri,
En Banc.

Feb. 15, 1984.

Robert D. Blitz, Clayton, for Bar Committee.

Sandy J. Cortopassi, St. Louis, for respondent.

RENDLEN, Chief Justice.

Disciplinary proceeding instituted by the Twenty-Second Judicial Circuit Bar Committee against William C. Maier, respondent. After formal hearing, the Bar Committee found probable cause to believe respondent was guilty of professional misconduct and filed an information charging three counts of violation of Rule 4 DR 1–102(A)(4). Count I specified that respondent utilized a scheme involving preparation of checks and other documents in a false manner for the purpose of obtaining money for his own use. That by this scheme respondent (Count II) deprived his former law firm of an unspecified sum of money and (Count III) charged a client for services not rendered.

Respondent answered, denying the allegations, and the Honorable E. Richard Webber, Circuit Judge of the First Judicial Circuit, was appointed as Master of this Court to take evidence and make findings of fact and conclusions of law. At the hearings, respondent neither testified nor presented witnesses in his behalf; instead he filed a signed thirteen page handwritten statement of September 15, 1979 prepared in response to the investigation conducted by the Circuit Attorney's Office of the City of St. Louis to determine whether criminal charges should be filed against him. By this statement respondent admitted drawing checks payable to cash and charged to the client's account, and further, that the client's bills were increased to cover the checks he drew payable to cash. Respondent's counsel stipulated to the admission of this exhibit at the final hearing held before the Master on May 11, 1983. The Master concluded that from 1974 through January 1979 respondent devised a scheme to divert money to his personal use. He knowingly wrote 152 checks totalling more than $40,-000 on his firm's account representing that the proceeds were being paid to third parties in payment of services that were in fact never performed on behalf of the firm's client. He compounded this wrong by sending his firm's statements for enhanced charges to the client for services which he knew had not been performed. The Master concluded that respondent repeatedly violated Rule 4 DR 1–102(A)(4). From our review of the record we determine the Mas-

**2**

ter's findings are correct and that respondent's guilt is beyond dispute.

■ In deciding the appropriate measure of discipline, we are mindful the instant proceeding is designed not with a primary purpose of punishment, but as an inquiry into respondent's fitness to continue as an attorney. Any discipline imposed has as its objective the protection of the courts and the public and maintenance of the integrity of the profession and the courts. *In re Haggerty,* 661 S.W.2d 8 (Mo. banc 1983); *Matter of Bear,* 578 S.W.2d 928 (Mo. banc 1979); *In re Houtchens,* 555 S.W.2d 24, 26 (Mo. banc 1977).

■ Respondent devised a scheme to take monies from his client and his law firm during a five year period. He has betrayed the trust of his firm and his client and he has dishonored the profession and the general public by conduct inconsistent with the standards of the profession. The privilege to practice law is only accorded those who demonstrate the requisite mental attainment and moral character and, absent mitigating circumstances, an attorney who betrays the trust reposed in him for personal financial gain demonstrates he no longer possesses the requisite moral character. Respondent claims his law firm undervalued his services and that his pay was not commensurate with his workload. Such rationale offers little or no justification for respondent's conduct. Double billing of a client's account and involvement in a prolonged deceitful scheme cannot be described as an ethical manner in which to deal with the accounts and his firm. Nor does it reveal the judgment, character and integrity required of an officer of the court.

The Master has recommended respondent be suspended indefinitely from the practice of law with permission to reapply after the expiration of two years. In this regard "[t]he findings and conclusions of the Master are advisory. This Court retains the duty and the responsibility to independently review the evidence and to reach a determination of what, if any, discipline is appropriate." *In re Panek,* 585 S.W.2d 477 (Mo. banc 1979). The Court is of the view re-

spondent's retention as an officer of the Court would be inimical to the public confidence essential for the effective administration of justice. Respondent is disbarred and his name ordered stricken from the roll of attorneys.

All concur.