**STATE of Missouri, ex rel. STATE HIGHWAY COMMISSION OF MISSOURI, Respondent,**

v.

**ST. CHARLES COUNTY ASSOCIATES, et al., Exceptions of Ida Kaplan, et al., Appellants.**

No. 49476.

Missouri Court of Appeals, Eastern District, Division Three.

Sept. 17, 1985.

John T. Bruere, St. Charles, for appellants.

Bruce A. Ring, Chief Counsel, Jane E. King, Asst. Counsel, Kirkwood, for respondent.

DOWD, Presiding Judge.

The State Highway Commission condemned land owned by Ida Kaplan. She leased a portion of the land to Shell Oil Company. Appellant Honerkamp was a tenant of Shell Oil Company. Appellants Todds operated the "Skyline Motel" on the property as sublessees from 1970 to 1974. In 1974, they sent a letter to Ida Kaplan expressing their interest in remaining tenants on the property in a month-to-month capacity.

This arrangement remained in effect until 1978 when Ida Kaplan gave written notice to the Todds of termination of the tenancy.

The Commission awarded $168,500.00 as just compensation for the condemned property. Ida Kaplan settled with the State of Missouri for the sum of $125,000.00. Judge Donald E. Dalton found that neither the Todds or Honerkamp had a compensable interest in the condemnation award. We find no error of law or fact upon the record and accordingly affirm.

We shall first look at the arguments of appellants David and Patricia Todd. Appellants contend that they did not have a month-to-month tenancy with the lessor Ida Kaplan but a tenancy for a term which entitled them to compensation upon condemnation of the rental property. The agreement between the Todds and Ida Kaplan was evidenced by a letter from the Todds to Ida Kaplan. § 441.060(2) RSMo 1978 provides that all leasing agreements

except those made for agricultural purposes "not made in writing, *signed by the parties* thereto, or their agents, shall be held and taken to be tenancies from month to month...." (emphasis added). The only writing which evidences the lease agreement in question is signed by the Todds but not Ida Kaplan. The plain meaning of "by the parties" is that both parties must sign the writing. See *Midland Realty Co. v. Manzella*, 308 S.W.2d 326, 331 (Mo.App.1957) interpreting § 432.-050 RSMo 1978 which contains parallel language to § 441.060(2) RSMo 1978. Therefore, until a lease is signed by the parties, i.e., both parties, it could amount to no more than a month-to-month tenancy under § 441.060(2). *Longmier v. Kaupman*, 663 S.W.2d 385, 389 (Mo.App.1983). Furthermore, a month-to-month tenancy is noncompensable upon condemnation of the rental property. *Land Clearance For Redevelopment Authority of Kansas City v. Dunn*, 416 S.W.2d 948, 952 (Mo.1967); *Seliga Shoes Stores, Inc. v. City of Maplewood*, 558 S.W.2d 328, 332 (Mo.App.1977). This point is thus overruled.

The Todds' next point on appeal is that the trial court erred in holding that they had no compensable interest because regardless of the type of tenancy, they had a right to the fair market value of any leasehold improvements. Appellants cite as sole authority for this point *Almota Farmers Elevator And Warehouse Co. v. United States*, 409 U.S. 470, 93 S.Ct. 791, 35 L.Ed.2d 1 (1973). In *Almota*, the Government condemned property on which the appellants had a lease with 7½ years remaining at the time of the condemnation. It was undisputed that the appellant in *Almota* possessed a compensable property interest under state law. The issue in that case was the value of just compensation.

■ The issue herein, however, is whether a compensable property interest exists. We turn to Missouri Law to resolve this point. It is a well settled principle of property law that the tenant is not entitled to compensation for improvements made to the leasehold in the absence of an agreement that the landlord pay therefor. *Innes Land & Leasing Co. v. Wyatt*, 56 S.W.2d 159, 160 (Mo.App.1933); *Wilson v. Watt*, 327 S.W.2d 841, 848 (Mo.1959). We find no language in the agreement between Ida Kaplan and the Todds which evinces an intent that the lessor compensate the lessee for improvements to the leasehold. In the absence of a compensable property interest the court's decision in *Almota* is not dispositive. This point is overruled.

We next turn to the argument of appellant Honerkamp. He contends that the trial court erred in finding that he had no compensable interest due to the rental agreement between himself and Shell Oil. The lease provided that the Lessee, Honerkamp, "assigns to Shell all of Lessee's right to or interest in any award or settlement for" condemnation. Appellant argues that the State and Ida Kaplan should not be allowed to benefit from a contract to which they were not parties.

■ There is not a case in this jurisdiction directly on point. However, we elect to follow the majority of other jurisdictions which have ruled on the issue holding that "if the lease itself includes a provision in respect of the rights of the parties in the event of the condemnation of the leased premises, such provision is valid and controlling." 27 Am Jur 2d § 250, P. 22; *see Henson v. Department of Transportation*, 160 Ga.App. 521, 287 S.E.2d 299, 300 (1981). A lease is a species of contract which creates an estate in the land subject to any conditions agreed to by the parties. *C & J Delivery, Inc. v. Vinyard & Lee & Partners, Inc.*, 647 S.W.2d 564, 568 (Mo.App. 1983). Any interest appellant Honerkamp has in the condemned property is derived from his lease agreement with Shell.

The lease agreement in question clearly provides that Honerkamp is to have no right to any condemnation award. This agreement should be given effect. We thus overrule the point.

There appears no error of law or fact in the judgment of the trial court and we therefore affirm.

CRIST and CRANDALL, JJ., concur.