**In re the MARRIAGE OF Robert Eugene MOORE and Carol Lee Moore.**

**Robert Eugene MOORE, Respondent,**

v.

**Carol Lee HAJDUK (formerly Moore), Appellant.**

No. 16808.

Missouri Court of Appeals,
Southern District,
Division One.

Oct. 25, 1990.

Thomas B. Burkemper, Troy, for appellant.

William E. Hickle, Carnahan, Carnahan & Hickle, Rolla, for respondent.

PER CURIAM.

On December 29, 1989, the trial court entered a decree transferring custody of the parties' two youngest children from appellant Carol Lee Hajduk to respondent Robert Eugene Moore. Appellant brings this appeal from that decree. Her brief presents two points relied on. Each, however, violates Rule 84.04(d),[1] as discussed *infra.* We synopsize only the facts necessary to resolve the appeal.

The parties married each other in 1953. Ten children were born of the marriage; the parties adopted one child. The marriage was dissolved in 1979. The amended dissolution decree awarded respondent custody of three female children, born November 10, 1961, December 1, 1965, and January 21, 1967, respectively, and two male children, born April 3, 1970, and April 14, 1971, respectively. The decree awarded appellant custody of Christina Marie Moore, a female child born November 23, 1972, Sean William Moore, a male child born May 12, 1975, and Corwin James Moore, a male child born August 16, 1976. The other three children were evidently emancipated at the time of the dissolution, as the decree made no provision for their custody.

At the time of the dissolution the parties resided near Rolla.

---

1. Rule references are to Missouri Rules of Civil Procedure (1990).

Appellant married Al Hajduk in 1985. She and he, accompanied by Christina, Sean and Corwin, moved to Centralia, Missouri.

Respondent married his present wife, Ellen, on December 3, 1987.

In August, 1988, Sean (then age 13) left the home of appellant and her husband, Al, and returned to Rolla to the home of respondent and Ellen.

On February 16, 1989, respondent commenced a modification proceeding seeking custody of Christina, Sean (who had been in respondent's actual custody some six months), and Corwin.

Appellant's husband, Al, died June 1, 1989.

At time of trial (December 21–22, 1989), the residents in appellant's household were she, Christina and Corwin. The residents in respondent's household were he, Ellen and Sean. The other children awarded respondent by the dissolution decree had grown up and departed.

Appellant, on the first day of trial, stipulated it was in Sean's best interest that legal custody of him be transferred to respondent. Consequently, the trial involved only the custody of Christina and Corwin.

The trial court entered a decree transferring custody of Sean and Corwin to respondent. Christina, a 17–year–old high school junior at time of trial, was left in appellant's custody. Appellant was awarded substantial visitation rights with Sean and Corwin. Respondent was awarded substantial visitation rights with Christina. Each party's visitation was structured so all three children would be in the same household during visitation.

Respondent did not appeal the trial court's denial of his prayer for custody of Christina.

Appellant's first point relied on reads:
"The trial court erred in its disposition of custody because its order was not based on substantial evidence, was against the weight of the evidence and resulted from an erroneous application of the law."

While the point appears to attack the custody order in toto, it is evident from the argument portion of appellant's brief that she assails only that portion of the decree transferring custody of Corwin from her to respondent.

Rule 84.04(d) provides:
"The points relied on shall state briefly and concisely what actions or rulings of the court are sought to be reviewed and wherein and why they are claimed to be erroneous....

Setting out only abstract statements of law without showing how they are related to any action or ruling of the court is not a compliance with this Rule."

■ Appellant's first point is nothing more than an abstract statement of law, i.e., the standard of appellate review of a judge-tried case established in *Murphy v. Carron,* 536 S.W.2d 30, 32[1] (Mo. banc 1976). The point presents nothing for appellate review. *Best v. Culhane,* 677 S.W.2d 390, 394[4] (Mo.App.1984). Guidance for drafting points relied on that comply with Rule 84.04(d) is found in *Thummel v. King,* 570 S.W.2d 679, 684–86 (Mo. banc 1978).

■ Despite the deficiency of appellant's first point we have studied her brief and have carefully examined the 544–page transcript, together with the exhibits and depositions furnished us. We have determined that the portion of the decree challenged by appellant is supported by substantial evidence and is not against the weight of the evidence, that in transferring custody of Corwin from appellant to respondent the trial court neither erroneously declared nor erroneously applied the law, and that an opinion setting forth a detailed account of the evidence would have no precedential value. Appellant's first point is denied.

■ Appellant's second point reads:
"The trial court erred in allowing respondent's expert to testify and give evidence as to matters he was admittedly not qualified to testify upon."

The second point, like the first, fails to comply with Rule 84.04(d). *McGrail v. Schmitt,* 357 S.W.2d 111, 120[11] (Mo. 1962). It therefore presents nothing for appellate review.

We have nonetheless scrutinized the argument that follows the point to determine

whether discretionary review for plain error under Rule 84.13(c) is warranted.

Section 490.065, RSMo Cum.Supp.1989, pertaining to opinion testimony by expert witnesses took effect August 28, 1989, some three months before this cause was tried. C.C.S.H.C.S.S.C.S.S.B. 127, 72, 161, 171, 275 and 120, Laws of Missouri 1989, pp. 1049–70 and 1161.

Neither side mentions § 490.065. It appears the testimony complained of by appellant was admissible under that section. However, we need not decide that issue.

Erroneous admission of evidence in a court-tried case does not provide grounds for reversal unless insufficient evidence remains to support the court's judgment. *Whitley v. Whitley*, 778 S.W.2d 233, 237[1] (Mo.App.1989); *Broyles v. Broyles*, 555 S.W.2d 696, 700[10] (Mo.App.1977). In the instant case there was sufficient evidence apart from the testimony challenged by appellant to support the change of Corwin's custody. Appellant's second point supplies no basis for reversal under Rule 84.13(c).

The decree is affirmed in compliance with Rule 84.16(b).