STATE of Missouri ex rel. MISSOURI HIGHWAY AND TRANSPORTATION COMMISSION, Plaintiff,

v.

Kenneth C. MUEGGE, et al., Defendants,

and

Norfolk and Western Railway Company a/k/a Norfolk and Western Railroad a/k/a Norfolk and Southern Railroad, Defendants–Respondents,

and

Samuel R. Wilson, Defendant–Appellant.

No. 60838.

Missouri Court of Appeals, Eastern District, Division Three.

Nov. 24, 1992.

Herb Price, Clayton, for plaintiff.

Stephen M. Schoenbeck, Daniel M. Zureich, St. Louis, for defendants-respondents.

STEPHAN, Judge.

Samuel R. Wilson ("Wilson") appeals from a trial court order which determined that he had no interest in a condemnation award. We affirm.

On June 12, 1956, Wilson entered into a written "Contract for Lease of Land" with Wabash Railroad Company ("Norfolk").[1] Pursuant to the lease, for $12.00 per year, Wilson agreed to lease from Wabash 1.2 acres of land for the purpose of farming. The lease provided that it would:

---

1. Pursuant to the terms of an October 16, 1984 merger agreement, Wabash Railroad Company is leased to Norfolk and Western Railway Company a/k/a Norfolk and Western Railroad a/k/a Norfolk and Southern Railroad. Thus, we will refer to both entities jointly as Norfolk.

continue in effect for the term of one year from the date first above and shall continue in effect thereafter, subject to termination, after the expiration of said term of one year, thirty days after either party hereto shall have given to the other party written notice of its intention to terminate the same.

The lease further provides that:

... the Lessee, for himself, his heirs, incoming partners and sublessees, with or without notice of the terms of this lease and each of them, undertakes, covenants and agrees with Lessor as follows:

\* \* \* \* \* \*

**Seventh:** To waive all right to question the validity of this lease, or any of the terms or provisions hereof or the right or power of the Lessor to execute and enforce the same; and to waive all right to claim damages in the event the Lessee be ejected from, or be required to surrender possession of, the leased premises by reason of the failure of title of the Lessor or for other cause.

Wilson used the leased premises for ingress and egress from his adjoining property. Additionally, Wilson used the leased premises for a garden, a machine shop and a pasture for grazing ponies.

Over the years, Norfolk increased the rent for the leased premises. In 1970, Norfolk raised the rent to $25.00 per year. In 1975, Norfolk raised the rent to $75.00 per year. Finally, in 1990, Norfolk raised the rent to $125.00 per year.

On or about February 5, 1990, the Missouri Highway and Transportation Commission initiated condemnation proceedings to condemn 7.2 acres of Norfolk's property. This parcel, known as "Parcel 3A", included the 1.2 acres that Norfolk leased to Wilson.

On July 6, 1990, the trial court entered its order, condemning Parcel 3A. That same day, the trial court appointed commissioners to assess damages which Norfolk may have sustained by reason of the appropriation of its property. On August 28, 1990, the commissioners awarded Norfolk $59,660.00. On September 12, 1990, the

Highway Commission deposited this sum with the Clerk of the Circuit Court for St. Louis County.

In the meantime, in a letter dated September 7, 1990, Norfolk gave Wilson notice that it had elected to terminate the lease effective 30 days from September 7, 1990. Sometime thereafter, Wilson vacated the leased premises.

On October 10, 1990, Norfolk filed a "Motion for Distribution of Award". On October 29, 1990, Wilson filed an "Objection to and Denial of Motion". In this pleading, Wilson denied each and every allegation and averment in Norfolk's motion and specifically denied that the lease was on a month-to-month basis. Wilson also averred that the notice to vacate was untimely.

On November 8, 1990, Norfolk filed its "First Amended Motion for Distribution of Award". In that motion, Norfolk asserted that Wilson waived any right to claim damages in the event of condemnation. Norfolk also asserted that the lease created a month-to-month tenancy. Six days later, Wilson filed further objections, denying all allegations in Norfolk's amended motion and reasserting the allegations and claims in Wilson's October 29, 1990 objections.

After a hearing on August 16, 1991, the trial court granted Norfolk's motion for distribution. The trial court specifically found that Wilson had no interest in Parcel 3A.

On September 5, 1991, Wilson filed "Suggestions Regarding Court's Order of August 16, 1991". In these Suggestions, Wilson questioned the validity of Norfolk's notice to terminate, presented an adverse possession theory, and argued that Article Seventh is inequitable and should not be enforced. The trial court never took any action on these Suggestions.

Subsequently, on September 24, 1991, Wilson appealed from the trial court's August 16, 1991 order. We will recite additional facts, as necessary, during the remainder of this opinion.

■ At the outset, we address the sufficiency of Wilson's brief. Rule 84.04(c) pro-

vides: "[t]he statement of facts shall be a fair and concise statement of the facts relevant to the questions presented for determination without argument." Wilson's statement of facts fails to contain a fair or concise statement of the facts relevant to the questions for determination. This section is devoid of any chronology of the events which led to the controversy between the parties. Moreover, it is devoid of any recitation regarding the procedural posture of the case. Instead, Wilson merely outlines the issues that he subsequently presents in his points relied on and argument portions of his brief. This violation of the Rules is not condoned. Furthermore, Rule 84.04(h) provides: "[a]ll statements of fact and argument shall have specific page references to the legal file or the transcript." Wilson's statement of fact fails to have even one reference to the legal file or the transcript. This violation is also not condoned. In its first point, Norfolk contends that these deficiencies should warrant dismissal of the appeal. Although we are inclined to agree, we have examined the records of the case with great care and expenditure of time and have decided to address Wilson's claims of error. We assert, however, that this approach shall not stand as precedent authorizing violation of the Supreme Court rules relating to the content and structure of briefs.

Wilson's first point is that the trial court lost jurisdiction to hear the motion for distribution of the condemnation award. Specifically, Wilson argues that: (1) § 523.-053(2), RSMo.1986, provides that the trial court must hear a motion for distribution within thirty days of filing of such motion; and (2) since more than thirty days elapsed between the filing of the motion and its hearing, the trial court was without jurisdiction to act.

Section 523.053(2), RSMo.1986, entitled "Distribution of condemnation awards among defendants", provides:

> Within thirty days after the filing of such motion, the court having jurisdiction of said cause shall determine the percentage of the award to which each party having an interest therein is entitled.

Any party aggrieved of the determination of interests made by the court shall have the right to appeal therefrom, and the same shall be considered as a final judgment for such purposes.

At the outset, we note that on October 10, 1991, Norfolk filed its "Motion for Distribution of Award". Subsequently, on November 8, 1990, Norfolk filed its "First Amended Motion for Distribution of Award". The trial court did not hear this motion until August 16, 1991. Thus, more than thirty days elapsed from the date Norfolk filed its motion until the trial court heard it.

However, the trial court's failure to hear the motion within thirty days was not fatal to its jurisdiction. Because § 523.053(2), RSMo.1986, utilizes the word "shall", Wilson assumes that the statute is, therefore, mandatory. While the use of the word "shall" in a statute will generally be interpreted as mandatory, such is not always the case. *Howard v. Banks*, 544 S.W.2d 601, 603–04 (Mo.App.1976). In determining whether a statute is mandatory or directory, the general rule is that when the statute provides what results shall follow a failure to comply with its terms, it is mandatory and must be obeyed. *Hedges v. Department of Social Services*, 585 S.W.2d 170, 172 (Mo.App.1979). However, if it merely requires certain things to be done but nowhere prescribes what results follow if they are not done, such a statute is merely directory. *Id.*

In the case at bar, the statute does not provide what result follows if the trial court fails to determine the percentage to which each party having an interest in a condemnation award is entitled within thirty days of the filing of such a motion. Thus, the statute is not mandatory, but merely directory.

Moreover, in determining whether a requirement is mandatory or directory, the cases look at the effect of ruling one way or the other. *Hedges v. Department of Social Services*, 585 S.W.2d at 172. In the case at bar, it would be counterproductive for us to rule that the trial court lost

jurisdiction to act since the question of distribution must be resolved. Wilson's first point is, therefore, denied.

Wilson's second point states:

That the appellant movee may appeal from the said order for the following reason:

(A) Missouri Revised Statute 523.053(2) provides any party aggrieved of the determination of interests made by the court "shall" have the right of appeal therefrom, and the same "shall" be considered as a final judgment for such purposes.

At the outset, we note that this point is deficient. Rule 84.04(d) provides:

The points relied on shall state briefly and concisely what actions or rulings of the trial court are sought to be reviewed and wherein and why they are claimed to be erroneous, with citations of authorities thereunder.... Setting out only abstract statements of the law without showing how they are related to any action or ruling of the court is not in compliance with this Rule.

Wilson's second point neither states what actions or rulings of the court are sought to be reviewed nor wherein and why they are claimed to be erroneous. Wilson's point is nothing more than an abstract statement of law, i.e. that he has the right to appeal from the trial court's determination. The point presents nothing for appellate review. *In re Marriage of Moore*, 797 S.W.2d 572, 573 (Mo.App.1990). Guidance for drafting points relied on that comply with Rule 84.04(d) is found in *Thummel v. King*, 570 S.W.2d 679, 684–86 (Mo.banc 1978).

In Wilson's third point, he presents three competing theories on how we have jurisdiction to consider his claim that he acquired title to the leased premises by adverse possession. First, Wilson contends that he presented the elements of adverse possession to the trial court, but he merely failed to label his theory of recovery as such. Second, Wilson argues that he presented his theory of adverse possession in the Suggestions he filed after the hearing. Wilson argues that under Rule 73.01(c)(1)

we must review this case upon both the law and the evidence as in suits of an equitable nature. Wilson further argues that under Rule 73.01(c)(3) we must consider admissible evidence which was rejected by the trial court but was preserved. Wilson suggests that we order that proffered evidence which was rejected by the trial court and not preserved be taken by deposition or by reference to a master under Rule 68.03 and returned to us. Alternatively, Wilson encourages us to consider this point for plain error review.

We have already cited Rule 84.04(d) in our discussion of Wilson's second point. We have previously determined that this Rule specifies that there are three necessary components of a point relied on. *State ex rel. Hwy. & Tr. Com'n v. Pracht*, 801 S.W.2d 90, 92 (Mo.App.1990). First, the appellant must present a concise statement of the challenged ruling of the trial court. *Id.* Second, the appellant must state the rule of law which the trial court should have applied. *Id.* Third, the appellant must articulate the evidentiary basis upon which the asserted rule is applicable. *Id.*

Wilson's third point is deficient in that we are not informed wherein and why the trial court erred as required by Rule 84.-04(d). Wilson fails to state the rule of law the court should have applied, the evidentiary basis upon which the asserted rule is applicable, and there is no reference to the ruling being appealed. The requirements of Rule 84.04(d) are mandatory. *Id.* Wilson's noncompliance is not condoned.

We turn now to Wilson's three competing theories on how we have jurisdiction to consider his claim that he acquired titled to the leased premises by adverse possession. First, Wilson contends that he presented the elements of adverse possession to the trial court, he merely failed to label his theory of recovery as such. Having thoroughly reviewed the trial court transcript, we disagree. Wilson did not present an adverse possession theory to the trial court. We will not, on review, convict a trial court of error on an issue which was not put before it to decide. *Matter of*

*Heisserer,* 797 S.W.2d 864, 874 (Mo.App. 1990). Wilson's contention is, therefore, without merit.

■ Wilson next contends that he presented his theory of adverse possession in the Suggestions that he filed after the hearing. Wilson's Suggestions, however, were untimely. The trial court rendered its decision on August 16, 1991. Wilson filed his Suggestions on September 5, 1991. Any after-trial motion in a court-tried case must be filed within fifteen days after the entry of judgment. Rule 73.01(c); *Kirtz v. Advanced Instruments, Inc.,* 581 S.W.2d 868, 869 (Mo.App.1979). Although the trial court retains control over judgments during the thirty-day period after entry of judgment and may vacate, reopen, correct, amend or modify its judgment for good cause within that time, such a motion as this, not made in the time allotted for a motion for a new trial, is considered a mere suggestion to the trial court to exercise its discretion within the thirty-day period specified in Rule 75.01. *Kirtz v. Advanced Instruments, Inc.,* 581 S.W.2d 868, 869–70 (Mo.App.1979). The late motion preserves nothing for appellate review. *In re Marriage of Gillett,* 762 S.W.2d 525, 527 (Mo. App.1988). Wilson's contention is, therefore, without merit.

■ Finally, Wilson contends that we should consider his adverse possession theory for plain error review. The plain error rule may be resorted to only in the exceptional cases where the reviewing court deems that manifest injustice has occurred. *In Interest of H.J.P.,* 669 S.W.2d 264, 271 (Mo.App.1984). It is rarely applied in civil cases. *Simpson v. Revco Drug Centers of Mo., Inc.,* 702 S.W.2d 482, 487 (Mo.App. 1985). Plain error is not a doctrine available to revive issues already abandoned by selection of trial strategy or by oversight. *Sherpy v. Bilyeu,* 608 S.W.2d 521, 523 (Mo. App.1980).

In the case at bar, manifest injustice did not occur. Wilson either elected not to present his adverse possession theory to the trial court or he failed to do so by oversight. Plain error review is, therefore, inappropriate. Wilson's entire third point is denied.

Wilson's fourth point states:

That the appellant movee did not vacate the premises by reason of the respondent movant's thirty day notice to terminate, for the following reasons:

(a) the evidence did not show the exact date he vacated the premises: [sic]

(b) the plaintiff, the State of Missouri exrel [sic] Missouri Highway and Transportation Commission, cause number 606344, held title to the property within the thirty day notice and after the thirty days when the notice was to become effective: [sic]

(c) the notice to terminate was in a lease which was in equity and in law invalid and unenforceable: [sic]

(d) the appellant movee always was in possession impermissively with respect to the true owner's rights as defined in the lease: [sic]

Once again, Wilson's point is deficient in that we are not informed, as required by Rule 84.04(d), wherein and why the trial court erred. Moreover, this point neither states the rule of law the court should have applied nor the evidentiary basis upon which the asserted rule is applicable. Wilson's only reference to the ruling being appealed is vague at best. In the argument portion of this point, Wilson states:

state owned the property after September 12, 1990, and the date according to the thirty day notice effective when he had to move off, October 12, 1990. By that date it had no rights in the property; the notice was invalid and unenforceable by the time it became effective. The order was premised on said notice, and so it was erroneous, and was based on speculation and conjecture; not on evidence.

Wilson appears to assume that the trial court based its conclusion that the lease was a month-to-month tenancy on a finding that he vacated the property in accordance with Norfolk's notice to quit the property after thirty days. Wilson further assumes that if he can show that he did not vacate the premises at Norfolk's direction, then he has established that he was holding ad-

versely and was entitled to a share of the condemnation award.

■ At the outset, we note that the lease itself indicates that after the expiration of the first year, the lease became a month-to-month tenancy. The lease states: "[u]nless sooner terminated as herein otherwise provided, this lease shall continue in effect for the term of one year from the date first above written and shall continue in effect thereafter, subject to termination, after the expiration of said term of one year, thirty days after either party hereto shall have given to the other party written notice of its intention to terminate the same." A month-to-month tenancy is noncompensable upon condemnation of the rental property. *State ex rel. State Highway Commission v. St. Charles County Associates*, 698 S.W.2d 34, 36 (Mo.App.1985). Thus, Wilson has no right to apportionment.

■ Moreover, if the lease itself includes a provision in respect of the rights of the parties in event of condemnation of the leased premises, such provision is valid and controlling. *Id.* In the case at bar, Article Seventh states the Lessee agrees: "[t]o waive all right to question the validity of this lease, or any of the terms or provisions hereof or the right or power of the Lessor to execute and enforce the same; and to waive all right to claim damages in the event the Lessee be ejected from, or be required to surrender possession of, the leased premises by reason of the failure of title of the Lessor or for other cause." Thus, both the month-to-month nature of the tenancy and the lease itself indicate that Wilson has no right to any portion of any condemnation award. Wilson's fourth point is denied.

■ Wilson's fifth point is that the notice to terminate the lease was invalid because Norfolk failed to comply with the one month notice provision of § 441.060, RSMo. 1986. Again, Wilson's point is deficient in that it does not state wherein and why the trial court erred as required by Rule 84.-04(d). It neither states the rule of law the court should have applied nor the evidentiary basis upon which the asserted rule is applicable. Moreover, Wilson did not pres-

ent this issue to the trial court. Again, we assert the rule that we will not convict a trial court of error on an issue which was not put before it to decide. *Matter of Heisserer*, 797 S.W.2d 864, 874 (Mo.App. 1990). Moreover, Wilson's point is without merit. Leases terminate by operation of law upon condemnation. *Land Clearance for Redev. Auth. v. Ridge*, 781 S.W.2d 104, 106 (Mo.App.1989). Thus, it is irrelevant what type of notice Wilson received. Wilson's fifth point is, therefore, denied.

Wilson's sixth point is that the trial court erred in accepting parol evidence which indicated that the lease was month-to-month. As we have previously discussed, the lease terms indicate that it was a month-to-month tenancy. The trial court, therefore, did not need to rely on parol evidence to reach its determination. Wilson's sixth point is denied.

■ Wilson's seventh point is that since he did not use the property for "farming" as specified as the lease use, he acquired the property by adverse possession. Again, Wilson's point is deficient in that it does not state wherein and why the trial court erred as required by Rule 84.04(d). It neither states the rule of law the court should have applied nor the evidentiary basis upon which the asserted rule is applicable. Moreover, Wilson did not present this issue to the trial court. Again, trial court error cannot be founded on an issue which was not put before the trial court to decide. *Matter of Heisserer*, 797 S.W.2d 864, 874 (Mo.App.1990). We note, however, that Wilson's contention is without merit. Although the lease specifies that Wilson will use the leased premises for farming, the lease does not define farming. Wilson admits that he used the property for a garden and for grazing ponies. These uses are within the realm of farming activities. They, therefore, do not constitute a hostile use. Wilson's seventh point is denied.

Wilson's eighth point is that Article Seventh is inequitable and should not be enforced. Again, Wilson's point is deficient in that it does not state, as required by Rule 84.04(d), wherein and why the trial

court erred. It neither states the rule of law the court should have applied nor the evidentiary basis upon which the asserted rule is applicable. Moreover, Wilson did not present this issue to the trial court. Furthermore, Wilson's contention is without merit. As we have previously stated, if a lease includes a provision in respect of the rights of the parties in the event of the condemnation of the leased premises, such provision is valid and controlling. *State ex rel. State Highway Commission v. St. Charles County Associates,* 698 S.W.2d 34, 36 (Mo.App.1985). This lease provided that Wilson would have no right to damages in the event he was ejected from, or was required to surrender possession of, the leased premises by reason of the failure of title of Norfolk or for other cause. This agreement will be given legal effect. We, therefore, deny Wilson's eighth point.

For these reasons, the trial court's judgment is affirmed.

PUDLOWSKI, P.J., and CRIST, J., concur.