250 S.W.3d 402 (2008)
In re the Interest of S.R.J., JR., a minor.
Missouri Division of Family Services, Petitioner-Respondent,
v.
S.R.J., Sr., The Child's Natural Father, Respondent-Appellant.
No. ED 89348.
Missouri Court of Appeals, Eastern District, Division One.
March 4, 2008.
Motion for Rehearing and/or Transfer Denied April 8, 2008.
Application for Transfer Denied May 20, 2008.
*404 Eric Charles Hensic, High Ridge, for appellant.
Charles C. Maas, (Guardian Ad Litem), Arnold, MO, for juvenile.
Mark J. Schwartz, Hillsboro, MO, for respondent/juvenile officer.
Motion for Rehearing and/or Transfer to Supreme Court Denied April 8, 2008.

Introduction
KENNETH M. ROMINES, Judge.
This is a termination of parental rights case. Our inquiry concerns whether the trial court erred in finding statutory grounds for termination of parental rights, and whether the trial court erred in finding that termination of parental rights was in the best interests of the child. We find no error on the part of the trial court and therefore affirm the judgment.

Factual and Procedural Background
This case involves the termination of S.R.J., Sr.'s ("Father") right to his minor child, S.R.J. Jr. ("S.R.J.Jr."). On 18 March 2004, the Juvenile Officer filed a petition alleging that S.R.J. Jr. was without proper care, custody or support and that the minor child's residence was unsafe or unsanitary because the mother had been evicted and had no housing. On 18 March 2004, the Juvenile Court entered a temporary protective custody order placing the minor child in the temporary care of the Children's Division. On 22 March 2004, the Juvenile Officer filed a first amended petition alleging that on or about 14 March 2004, Mother and Father knowingly moved with S.R.J. Jr. into a residence where a methamphetamine lab had been found in February 2004, where there had been a series of fires in March 2004, and where an occupant of the residence had drug problems. The first amended petition further alleged that on or about 16 March 2004, a fire broke out in the residence and as a result, Mother, Father and S.R.J. Jr. were without a fixed place of abode.
The court held a protective custody hearing on 31 March 2004. Father appeared at the hearing where the Juvenile Officer served Father with a summons and a copy of the Juvenile Officer's first amended petition. The court found it necessary for S.R.J. Jr. to remain in protective custody, and further ordered Father to have visitation with the juvenile for a minimum of one hour per week, supervised by the Children's Division.
On 4 June 2004, the Juvenile Officer filed a second amended petition that alleged, inter alia, that on or about 24 March 2004, chemicals and materials associated with the manufacture or use of methamphetamine were located within S.R.J. Jr.'s residence, indicating that the materials had been present during the time S.R.J. Jr. resided therein. On 26 January 2005, the Juvenile Court entered *405 its judgment assuming jurisdiction over the juvenile under Section 211.031.1(1) RSMo (2000)[1]. At this time, the court placed S.R.J. Jr. in the legal custody of the Children's Division, and suspended any visitation pending Father's completion of anger management and psychological/psychiatric evaluations. At this time the court also approved a written service agreement between the Division and Father which contained thirteen (13) assignments which Father agreed to complete.
While he completed some of the assignments, Father failed to complete more than half of the terms of the written service agreement. Specifically, Father would not take prescribed medications unless given him for free. Father failed parenting classes on his first attempt and did not sign releases for the Juvenile Officer or Children's Division to verify completion on his second attempt. Father also did not abstain from non-prescription drugs, as he admittedly smoked marijuana while the child was in the court's custody. Father further refused to attend individual therapy after only four sessions because a male therapist was not available. Additionally, Father did not pay child support during the time the child was in the court's custody. Father did not maintain steady employment and did not update the Children's Division on his contact information when he moved. Finally, Father did not maintain clean, orderly and safe housing.
On 2 May 2006, the Juvenile Officer filed a petition to terminate the parental rights of Father. On 24 October 2006, the Juvenile Officer filed the amended petition to terminate parental rights with regard to Father. The Juvenile Officer filed the petition under the provisions of Sections 211.447.4(2); (3); and (6). The parties participated in a hearing on 20 November 2006 and again on 4 December 2006.
On 18 January 2007, the court entered its judgment terminating Father's parental rights under Sections 211.477.4(2); (3) and (6). This appeal follows.

Discussion
Father raises two issues on appeal. First, Father claims that the trial judge erred in terminating Father's parental rights in that the Juvenile Officer failed to meet with the court and request that the court order the investigation and social study as required by Section 211.455. Second, Father asserts the trial judge erred in finding that the Juvenile Officer proved by clear, cogent, and convincing evidence that Father's parental rights should be terminated under Sections 211.477.4(2); (3) and (6), and that termination was in the best interest of the child.

Investigation and Social Study
Section 211.455.1 requires that, within thirty days following the filing of a petition for termination of parental rights, the Juvenile Officer meet with the court to request that the court order an investigation and social study. Father claims that the trial judge erred because the required meeting never took place and the court did not order the investigation and social study. Because Father did not adequately preserve this issue for appeal, we do not review it.[2]

*406 Termination of Parental Rights

Father claims that the trial judge erred in finding that the Juvenile Officer proved by clear, cogent, and convincing evidence that Father's parental rights should be terminated and that termination was in the best interest of the child.

Standard of Review
The standard of review for judgments terminating parental rights is based on the requirements of Section 211.447.5. Those requirements are: 1) the trial court must find by clear, cogent, and convincing evidence that one or more grounds for termination exists under subsections 2, 3 or 4 of Section 211.447; and 2) the trial court must find that termination is in the best interests of the child. In Interest of P.L.O., 131 S.W.3d 782, 788 (Mo. banc 2004). We review whether statutory grounds under Section 211.447.2, .3 or .4 have been proven by clear, cogent and convincing evidence under the standard set forth in Murphy v. Carron, 536 S.W.2d 30, 32 (Mo. banc 1976). We affirm the trial court's judgment unless no substantial evidence supports it, it is contrary to the weight of the evidence, or it erroneously declares or applies the law. Id. Under this standard, proof of only one of the statutory grounds alleged is sufficient to sustain the judgment. P.L.O., 131 S.W.3d 782 at 789; In the Interest of C.F.C., 156 S.W.3d 422, 427, 429 (Mo.App. E.D.2005).
After determining that one or more statutory grounds have been proven, the court must consider the question of whether termination also is in the best interests of the child. The standard of proof at trial regarding best interests of the child is a preponderance of the evidence, and the standard of review on appeal is abuse of discretion. P.L.O., 131 S.W.3d 782 at 789. In making its determinations, the reviewing court defers to the fact-findings of the trial court and considers all the evidence and reasonable inferences from the evidence in the light most favorable to the judgment. Id. An abuse of discretion occurs when a trial court's ruling is clearly against the logic of the circumstances then before the court and is so unreasonable and arbitrary that it shocks the sense of justice and indicates a lack of careful, deliberate consideration. Hancock v. Shook, 100 S.W.3d 786, 795 (Mo. banc 2003).

Section 211.447.4(3) Failure to Rectify
The trial court found sufficient statutory grounds to terminate Father's parental rights under Section 211.447.4(3). Under Section 211.447.4(3), a court may terminate parental rights when the child has been under the family court's jurisdiction for one year, and the conditions which led to this jurisdiction have not been rectified. In determining whether to terminate parental rights under Section 211.447.4(3), the court considers and makes findings on four factors: the extent of the parties' progress on a social service plan; the success or failure of the efforts of the juvenile officer/Children's Division to aid the parent on a continuing basis in adjusting his circumstances or conduct to provide a proper home for the child; any mental condition of the parent which renders the *407 parent unable to knowingly provide the child the necessary care, custody and control; and any untreatable chemical dependencies the parent has which would prevent him from consistently providing the necessary care, custody and control over the child. The ultimate issue when applying this statutory provision is the "continued existence of an unremedied, neglectful situation." In re C.F.C., 156 S.W.3d 422, 430 (Mo.App. E.D.2005). We find there was clear, cogent, and convincing evidence to support termination on this ground.
First, the evidence shows that the child has been under the jurisdiction of the juvenile court for a period of more than one year. S.R.J. Jr. originally came under court jurisdiction on 31 March 2004, when the court entered its temporary protective custody order. At the time the trial court terminated Father's parental rights in December 2006, S.R.J. Jr. had been in foster care thirty-seven months, well beyond the one year requirement.
Next, the evidence supports the trial court's judgment that the conditions which led to the assumption of jurisdiction still persist, or conditions of a potentially harmful nature continue to exist, and that there is little likelihood that those conditions will be remedied at an early date so that the child can be returned to the parent in the near future. On 26 January 2005, the court approved a written service agreement between the Children's Division and Father in which the Father was to complete thirteen specific tasks. The evidence shows that Father has failed to complete eight of the thirteen tasks.
Further, sufficient evidence shows that the Children's Division has been unsuccessful in its efforts to assist Father in adjusting his circumstances and conditions to be able to provide on a continuing basis a proper home for the minor child. Father refused to participate in individual counseling because the Wellness Center had only female and no male counselors. The Family Wellness Program ultimately discontinued Father because he was verbally abusive and unwilling to follow the recommendation of the staff psychiatrist.
Additionally, the evidence shows that Father suffers from anti-social personality disorder. In 2005, Father had a psychiatric assessment in which he was diagnosed with antisocial personality disorder. During the psychiatric assessment, Father reported poor impulse and anger control and that, while incarcerated and in his early 30's, he attempted suicide three or four times by cutting his wrists with razors. Father reported that he has not regularly followed up with a psychiatrist or taken psychotropic medications for the past ten years.
Finally, Father has a chemical dependency on marijuana which his testimony and the testimony of many witnesses confirmed. He was unwilling and unable to abandon marijuana while S.R.J. Jr. was in the State's custody as evidenced by the fact that he continued to use the drug. Father's point is denied.
As we have sustained the trial court's determination on the grounds of failure to rectify under Section 211.447.4(3), we find it unnecessary to further discuss the trial court's findings under Section 211.447.4(2) and (6). We must find only one statutory ground, plus the best interests of the child, to uphold a termination decision. P.L.O., 131 S.W.3d at 789; C.F.C., 156 S.W.3d at 427; In re Q.D.D., 144 S.W.3d 856, 861-862 (Mo.App. S.D.2004). We therefore consider the issue of best interests of the child.

Best Interests of the Child
The evidence supports the trial court's decision that the termination of *408 Father's parental rights is in the best interests of S.R.J. Jr. In determining whether termination of parental rights is in the best interests of the child, the juvenile court is to consider the applicable and appropriate factors in Section 211.447.6. In Interest of P.L.O., 131 S.W.3d 782, 791 (Mo. Banc 2004). The trial court evaluated and made findings as to the first four of the seven factors set forth in 211.447.6.
The applicable factors and the court's findings are:
(1) The child's emotional ties to the birth parent: The trial court found this factor irrelevant considering the extended period of time the juvenile spent in the State's custody and the fact that the child will not be able to return to Father within an ascertainable amount of time due to Father's inability to alter his circumstances and comply with the terms of his written service agreement.
(2) The extent to which the parent has maintained regular visitation or other contact with the child: The trial court found that Father did not have regular visitation with the child.
(3) The extent of payment by the parent for the cost of care and maintenance of the child when financially able to do so including the time that the child is in the custody of the division or other child-placing agency: The trial court found that Father had not made payments for the cost of care and maintenance of the child when financially able to do so.
(4) Whether additional services would be likely to bring about lasting parental adjustment enabling a return of the child to the parent within an ascertainable period of time: The trial court found that additional services are not likely to effect adjustments which are significant and lasting and which will enable return of the minor child within an ascertainable time period to Father.
Our review of the record leads us to determine there was substantial evidence for the court to find by a preponderance of the evidence that termination of Father's parental rights was in S.R.J. Jr.'s best interests. Accordingly, the trial court did not abuse its discretion.

Conclusion
Upon review of the record, we find that the trial court's decision to terminate the parental rights of Father is supported by clear, cogent, and convincing evidence. We further find that the evidence supports the trial court's determination that terminating Father's parental rights is in the best interests of the child. We accordingly affirm the trial court's decision.
AFFIRMED.
KATHIANNE KNAUP CRANE, P.J., and ROBERT G. DOWD, JR., J., concur.
NOTES
[1] All statutory references are to RSMo. (2000).
[2] The record reveals that Father did not raise this issue during the TPR hearing. A party should not be entitled on appeal to claim error on the part of the trial court when the party did not call attention to the error at trial and did not give the court the opportunity to rule on the question. Niederkorn v. Niederkorn, 616 S.W.2d 529, 535 (Mo.App. 1981). Here, Father did not properly preserve this issue for appellate review. We nevertheless have discretion to review Father's claim for plain error. Rule 30.20. We note that plain error review is rarely applied in civil cases and may be resorted to only in the exceptional cases where the reviewing court deems that manifest injustice has occurred. State ex rel. Missouri Highway and Transp. Com'n v. Muegge, 842 S.W.2d 192, 197 (Mo.App. E.D. 1992). Plain error is not a doctrine available to revive issues already abandoned by selection of trial strategy or by oversight. Id. Here, Father does not claim that manifest injustice occurred. Nor do we find manifest injustice upon our review of the record. Accordingly, plain error review is inappropriate.