

# Missouri Court of Appeals

## Southern District

## Division One

RICKY LEE GRIFFITTS,　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　　Plaintiff-Respondent,　　　)
　　　　　　　　　　　　　　　　　　　)
　　　vs.　　　　　　　　　　　　　　)　　　Nos. SD32626 and SD32663
　　　　　　　　　　　　　　　　　　　)　　　　　　　Consolidated
JAMES M. CAMPBELL,　　　　　　　　　)　　　Filed:  February 6, 2014
　　　　　　　　　　　　　　　　　　　)
　　　　　　Defendant-Respondent,　　　)
　　　　　　　　　　　　　　　　　　　)
and　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
BNSF RAILWAY COMPANY　　　　　　　)
and OLD REPUBLIC INSURANCE　　　　　)
COMPANY,　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　　Intervenors-Appellants.　　　)

### APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY

Honorable Mark E. Fitzsimmons, Associate Circuit Judge

**<u>AFFIRMED</u>**

Old Republic Insurance Company ("Old Republic") and BNSF Railway Company

("BNSF") appeal from the trial court's denial of their post-judgment motion to intervene as a

matter of right under Rule 52.12(a)(2)[1] in a personal injury and property damage lawsuit brought

---

[1] References to rules are to Missouri Court Rules (2013).

by Ricky Lee Griffitts ("Griffitts") against James M. Campbell ("Campbell"). We conclude that Old Republic and BNSF did not have an interest in the lawsuit sufficient to support intervention as a matter of right, and affirm the trial court's denial of Old Republic and BNSF's post-judgment motion to intervene as a matter of right.

## Facts and Procedural History

Sometime before March 2009, Old Republic issued a "fronting policy" of liability insurance to BNSF.[2] In March 2009, Campbell, who at the time was employed by BNSF, was involved in a motor vehicle accident in Springfield in which his vehicle struck Griffitts' vehicle.

On December 12, 2012, Campbell requested, through counsel, that Old Republic provide him an unconditional defense in connection with the motor vehicle accident involving Griffitts. In the request, Campbell made clear that he would "not accept any sort of conditional defense[]" except with respect to Griffitts' claim for punitive damages.

Two days later on December 14, 2012, Griffitts filed suit against Campbell for personal injuries and property damage Griffitts allegedly suffered in the motor vehicle accident. In the suit, Griffitts also sought punitive damages based on an allegation that Campbell was driving while intoxicated at the time of the accident.

On December 21, 2012, Old Republic and BNSF filed motions seeking to intervene as a matter of right in, and to stay, Griffitts' lawsuit against Campbell.[3] The trial court "overruled" these motions on January 24, 2013. Old Republic and BNSF did not appeal the ruling.

On or before December 21, 2012, Old Republic and BNSF filed a complaint for declaratory judgment in federal court "seeking a determination of no coverage" for Campbell in

---

[2] From the parties' briefs, we understand the policy was referred to as a "fronting policy" because BNSF's deductible under the policy was equal to the limits of Old Republic's liability under the policy.

[3] It is unclear from the record on appeal, but the motion to intervene also may have sought permissive intervention.

connection with the motor vehicle accident at issue in Griffitts' lawsuit against Campbell.[4]  In a

letter dated January 4, 2013, to counsel for Campbell, counsel for Old Republic and BNSF

stated:

> If . . . information [relevant to establishing Campbell was a permissive user of the vehicle in question] is provided, we will certainly review it.  BNSF and Old Republic continue to reserve its rights under the policy and state and federal law, and nothing in our communications shall constitute a waiver of any rights.

On February 22, 2013, Griffitts and Campbell waived a jury trial and the trial court heard

evidence "on the record" and entered judgment for Griffitts against Campbell in the amount of

$1,475,000.[5]

In an email reply sent on March 2, 2013, to counsel for Old Republic and BNSF, counsel

for Griffitts stated:

> I intend to file a garnishment action against Old Republic and Mr. Campbell's personal insurer as provided under Missouri law.  I think the only issue that concerns your clients right now is whether there is coverage or not.  If there is no coverage then all the other issues are moot.

On March 8, 2013, Old Republic and BNSF filed a post-judgment motion to intervene as

a matter of right pursuant to Rule 52.12(a) "for the purpose of setting aside the [trial court's

February 22, 2013] Judgment,"[6] and also filed a motion for relief pursuant to Rule 74.06(b) or in

the alternative Rule 75.01.  The motion to intervene as a matter of right was "overruled" on

March 14, 2013, and, on March 21, 2013, Old Republic and BNSF filed a notice of appeal from

the trial court's order overruling their post-judgment motion to intervene as a matter of right.

---

[4] The complaint is not part of the record on appeal.

[5] Based on the parties' written filings, it appears Griffitts and Campbell entered into an agreement pursuant to section 537.065, RSMo 2000, prior to the trial on February 22, 2013.

[6] Old Republic and BNSF's motion to intervene also sought permissive intervention pursuant to Rule 52.12(b).

**Standard of Review**

In reviewing a trial court's denial of a motion to intervene as a matter of right under Rule 52.12(a), we

> will affirm the . . . denial of [the] motion . . . unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *State ex rel. Nixon v. American Tobacco Co., Inc.*, 34 S.W.3d 122, 126 (Mo. banc 2000). In reviewing the denial of intervention, we consider the facts in the light most favorable to the trial court's judgment. *Kinney v. Schneider Nat. Carriers, Inc.*, 200 S.W.3d 607, 610 (Mo.App. W.D.2006).

*Lawrence F. Behymer, Sr. Marital Trust v. City of Ballwin (In re Creation of Clarkson Kehrs Mill Transportation Development District)*, 308 S.W.3d 748, 752 (Mo.App. E.D. 2010).

**Analysis**

In their sole point relied on, Old Republic and BNSF claim that the trial court "erroneously . . . applied the law" in denying their post-judgment motion to intervene as a matter of right under Rule 52.12(a)(2) in Griffitts' suit for personal injuries and property damage against Campbell.[7] We disagree because an "actual" claim by Griffitts against Old Republic and BNSF was necessary to support Old Republic and BNSF's intervention as a matter of right under Rule 52.12(a)(2), and Griffitts' claim against Old Republic and BNSF was not an actual claim at the time the trial court denied Old Republic and BNSF's post-judgment motion to intervene as a matter of right. Griffitts' claim against Old Republic and BNSF was not an actual claim for at least two reasons: (1) Old Republic and BNSF were seeking a declaratory judgment that Campbell's conduct and Griffitts' subsequent injuries, were not covered by the "fronting" liability insurance policy Old Republic issued to BNSF, and (2) Griffitts had not demanded that Old Republic or BNSF pay Griffitts' judgment against Campbell.

---

[7] BNSF asserts no interest in Griffitts' suit against Campbell other than through BNSF's potential liability for a deductible under the fronting policy of liability insurance issued by Old Republic to BNSF. As a result, we treat BNSF as having had no greater right to intervene as a matter of right in Griffitts' suit against Campbell than Old Republic had, and apply the same legal principles to BNSF as we do to Old Republic.

4

Rule 52.12(a) provides:

> Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of this state confers an unconditional right to intervene or (2) when the applicant claims an interest relating to the property or transaction that is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

As the text of the rule indicates:

> To intervene as a matter of right under Rule 52.12(a)(2), the intervenor must show: (1) an interest in the subject matter; (2) disposition of the action may impede its ability to protect that interest; and (3) the applicant's interest is not adequately represented by the existing parties. Rule 52.12(a)(2); *Ring v. Metropolitan St. Louis Sewer Dist.*, 41 S.W.3d 487, 491–92 (Mo.App. E.D.2000). The trial court may deny the applicant's motion to intervene if any one of these requirements is not met. *LeChien v. St. Louis Concessions, Inc.*, 33 S.W.3d 602, 603–04 (Mo.App. E.D. 2000). However, if the intervenor meets all of the requirements, the right to intervene is absolute. *Borgard v. Integrated Nat. Life Ins. Co.*, 954 S.W.2d 532, 535 (Mo.App. E.D. 1997).

***Behymer Marital Trust***, 308 S.W.3d at 752-53.

A liability insurer whose alleged insured is an alleged tortfeasor does not have an "interest" in an action by an injured person against the alleged insured-tortfeasor that would support the insurer's intervention in the action as a matter of right under Rule 52.12(a)(2), unless the injured person's "potential" claim against the insurer for indemnity has become an "actual" claim for indemnity. ***Augspurger v. MFA Oil Co.***, 940 S.W.2d 934, 937, 937-38 (Mo.App. W.D. 1997). A potential claim for indemnity does not become an actual claim for indemnity until at least any judicially pending "question of coverage" has been resolved, and the injured person has obtained a judgment against the tortfeasor and demanded the insurer pay the

5

judgment. *Id.*; *see also **Borgard v. Integrated Nat. Life Ins. Co.***, 954 S.W.2d 532, 536, 536-37 (Mo.App. E.D. 1997) ("We choose to follow *Augspurger*. . . .").[8]

In this case, Old Republic and BNSF's declaratory judgment action raised a question of coverage that prevented Griffitts' potential claim for indemnity against Old Republic from becoming an actual claim that would support intervention as a matter of right under Rule 52.12(a)(2). Old Republic and BNSF criticize the rule set forth in ***Augspurger*** because the rule places liability insurers in an "impossible situation" when the "putative insured" "demand[s] . . . an unconditional defense" and a "question of coverage remains an 'open question.'" In the language of ***Borgard***, the answer to Old Republic and BNSF's criticism is

> [t]he [third-party defendants'] refusal to allow [their liability insurer] to defend under reservation of rights properly excluded [the insurer] from the underlying actions. *See State ex rel. Rimco, Inc. v. Dowd*, 858 S.W.2d 307, 308 (Mo.App.1993). [The insurer] had an opportunity to control the litigation by accepting the defense without reservation. By electing some other course it forfeited its right to participate in the litigation and control the lawsuit. *Estate of Langhorn v. Laws*, 905 S.W.2d 908, 911 (Mo.App.1995). An insurer must make a hard decision in determining whether to defend when a coverage issue exists. *Id*. If the decision concerning coverage is wrong the insurance company should be bound by its decision. *Id*.

***Borgard***, 954 S.W.2d at 535.

In addition, at the time the trial court denied Old Republic and BNSF's post-judgment motion to intervene as a matter of right, Griffitts had not demanded that Old Republic or BNSF pay the judgment against Campbell. Old Republic and BNSF argue that Griffitts' counsel's statement in his reply email to counsel for Old Republic and BNSF that "I intend to file a garnishment action against Old Republic and Mr. Campbell's personal insurer as provided under Missouri law" was a demand to pay the judgment. We do not believe that a statement of a

---

[8] The rule is different where the alleged insured is the injured person, and potentially seeking indemnity pursuant to the insured's own insurance policy (e.g., under the uninsured/underinsured provisions of the insured's policy). ***Charles v. Consumers Insurance***, 371 S.W.3d 892 (Mo.App. W.D. 2012).

present intent to seek garnishment in the future is the substantive equivalent of a demand for payment of the judgment against Campbell. *See **LeChien v. St. Louis Concessions, Inc.***, 33 S.W.3d 602, 603, 604, 604-05 (Mo.App. E.D. 2000) (In an action on a promissory note, an attorney who drafted the note sought to intervene because the plaintiff in the action had "notified [the attorney] of its 'intent to file suit against [him] for professional negligence'"; the Eastern District affirmed the trial court's denial of the attorney's request to intervene because the "threat of a [future] malpractice action . . . was merely speculative" and "[a]ny interest [the attorney] had in the underlying litigation was conjectural and did not justify intervention as a matter of right."); *see also **Flippin v. Coleman Trucking, Inc.***, 18 S.W.3d 17, 20-21 (Mo.App. E.D. 2000) (the lack of a demand for payment precluded a liability insurer's intervention as a matter of right in a wrongful death lawsuit against its insured).[9]

We deny Old Republic and BNSF's point relied on, and affirm the trial court's denial of Old Republic and BNSF's post-judgment motion to intervene as a matter of right under Rule 52.12(a)(2).[10]

Nancy Steffen Rahmeyer, P.J. – Opinion Author

Daniel E. Scott, J. – Concurs

William W. Francis, Jr., C.J. – Concurs

---

[9] Old Republic and BNSF encourage us to distinguish between the "fronting policy" at issue in this case and a traditional liability insurance policy, but never asserted before the trial court that the "fronting policy" in question here was distinguishable from a traditional liability insurance policy. Rather, Old Republic and BNSF treated the fronting policy as a liability insurance policy before the trial court. For example, in their Rule 74.06(b) and Rule 75.01 motion, Old Republic and BNSF argued that "[the failure of the judgment to specify the amount of damages allocable to compensatory and to punitive damages] is . . . critical because the fronting policy at issue does not provide coverage for one who is not a permissive user, and also excludes coverage for punitive damages, and for injuries which are expected or intended." An issue that was not presented to the trial court is not preserved for appellate review. *In re S.R.J., Jr.*, 250 S.W.3d 402, 405 n.2 and related text (Mo.App. E.D. 2008). In addition, the "fronting policy" at issue here is not part of the record on appeal, and at least some "fronting policies" are treated as insurance policies in Missouri. *Fireman's Fund Insurance Co. v. TIG Insurance Co.*, 14 S.W.3d 230 (Mo.App. W.D. 2000) (treating a "fronting policy" as a policy of insurance under the facts in that case). Old Republic and BNSF had the responsibility to prepare a record sufficient to permit us to evaluate their arguments. *Augspurger*, 940 S.W.2d at 936. As a result, we decline to review Old Republic and BNSF's contention that the "fronting policy" in question here should be treated differently than a traditional liability insurance policy.

[10] In a motion taken with the case, Griffitts requested that Old Republic and BNSF's appeal be dismissed or that portions of their brief be stricken. In view of our disposition of this appeal, we deny Griffitts' motion as moot.